FISCHER, ADMX., APPELLANT, *v.*
MORALES, APPELLEE.

(No. 86AP-1147—Decided
April 28, 1987.)

*Thomas E. Friedman,* for appellant.
*John H. Lewis,* for appellee.

BROGAN, J. On January 23, 1985, plaintiff-appellant, Shirley Fischer, Administratrix of the Estate of Bronwyn A. Howard, brought a wrongful death action against Rene Morales, defendant-appellee. The complaint alleged the following:

"2. At all times material to this action, the decedent was a sixteen (16) year old minor female and Defendant was an adult male of approximately thirty-five (35) years of age.

"3. On the 9th day of March, 1983, Defendant took Plaintiff's decedent to his residence and furnished the decedent with intoxicating alcoholic beverages, causing decedent to become intoxicated and thereafter had sexual intercourse with decedent.

"4. At all times material to this action, Defendant knew the decedent was in a depressed mental state and that the decedent knew of a firearm possessed by Defendant.

"5. After completion of the acts alleged in paragraph three (3) of the Complaint, Defendant exited the room, at which time decedent assumed control of Defendant's firearm and fatally discharged the firearm into her cranium.

"6. At all times material to this action, it was reasonably foreseeable to Defendant that (1) the intoxication caused by him, (2) coupled with his knowledge of the decedent's mental state, and (3) his knowledge of decedent's awareness of the firearm created a risk of harm to decedent by injury or death.

"7. The acts of Defendant as set forth hereinabove constitute negligence which was the direct and proximate cause of decedent's death.

"* * *"

On April 4, 1985, Morales answered the complaint generally deny-

ing its allegations and raised the defense that the complaint failed to state a claim upon which relief could be granted. He sought dismissal of plaintiff's complaint.

On January 29, 1986, the matter was set for trial on April 23, 1986. On March 28, 1986, counsel for the defendant moved for a continuance because he had broken his leg. Trial was rescheduled for May 27, 1986. On May 27, defendant moved for a "judgment on the pleadings."

On June 23, 1986, defendant moved for a summary judgment and attached to his motion evidentiary material and affidavits. On July 17, 1986, plaintiff filed her memorandum in response to defendant's motion for summary judgment and attached thereto her evidentiary material. On August 28, 1986, the trial court continued the latest trial date of August 25, 1986 to November 24, 1986, upon "agreement of the parties," and because of the need for ruling on a pending motion. On November 10, 1986, the trial court sustained the motion for judgment on the pleadings finding that the action of the deceased in taking her own life was a break in the chain of causation and foreseeability which barred an action against defendant. The motion for summary judgment was overruled as being moot. Judgment was entered accordingly on November 21, 1986, and plaintiff has timely appealed that judgment.

Plaintiff-appellant asserts the following assignments of error:

"1. The trial court erred in granting the defendant's motion for judgment on the pleadings for the reason that the motion was not filed timely.

"2. The trial court erred in granting the defendant's motion for judgment on the pleadings for the reason that the court considered controverted fact.

"3. The trial court erred in granting the defendant's motion for judg-

ment on the pleadings for the reason that the complaint on its face constitutes a lawful cause of action."

In her first assignment of error, appellant contends that the trial court erred in granting appellee's motion for judgment on the pleadings for the reason that the motion was not timely filed. Civ. R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

In *National City Bank* v. *Fleming* (1981), 2 Ohio App. 3d 50, 2 OBR 57, 440 N.E. 2d 590, paragraph four of the syllabus, the court held that, under Civ. R. 12(C), a motion for judgment on the pleadings made after the commencement of trial is not timely and is properly overruled by the trial court.

"Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party indulges in excessive delay before moving under * * * [Civ. R. 12(C)], the court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial. The determination [of] whether the motion constitutes a delay of trial is within the sound discretion of the judge. However, if it seems clear that the motion may effectively dispose of the case, the court should permit it regardless of any possible delay its consideration may cause. * * *" 5 Wright & Miller, Federal Practice and Procedure (1969) 685, 687, Section 1367.

The Civ. R. 12(C) motion may be employed by a defendant as a vehicle for raising several defenses enumerated in Civ. R. 12(B) after the close of the pleadings. Civ. R. 12(B) provides that all defenses must be asserted in a responsive pleading or by motion before interposing a responsive pleading, if one is due. Civ. R. 12(H)(2) provides that the defense of failure to state a

claim upon which relief can be granted may be raised on a motion for judgment on the pleadings or at the trial on the merits.

Appellee raised in his answer the defense that the complaint failed to state a cause of action. Unfortunately, the trial court failed to address the defense prior to setting the matter for trial. On the date of trial, appellee again renewed the defense of a failure to state a cause of action via a motion for judgment on the pleadings. The trial was not commenced and indeed the trial court, by journal entry, indicated the parties had agreed to continue the trial date of August 25, 1986 to resolve "a pending motion." Counsel for appellant approved and signed the journal entry of continuance. It is unclear whether the pending motion was the motion for judgment on the pleadings or the motion for summary judgment, or both. In any event, we find no abuse of discretion in the court's ruling on a motion for a judgment on the pleadings filed on the date of trial and continuing the trial date.

Appellant's first assignment of error is overruled.

In her second and third assignments of error, appellant contends that the trial court erred in granting appellee's motion for judgment on the pleadings because the court considered a controverted fact and because the complaint on its face constituted a lawful cause of action.

Upon a motion for judgment on the pleadings pursuant to Civ. R. 12(C), the party against whom the motion is made is entitled to have all the material allegations in his complaint, with all reasonable inferences to be drawn therefrom, construed in his favor as true. Civ. R. 12(C) is a continuation of former statutory practice and presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 165-166, 63 O.O. 2d 262, 264, 297 N.E. 2d 113, 117.

The general rule is that suicide constitutes an intervening force which breaks the line of causation stemming from the wrongful act, and, therefore, the wrongful act does not render the defendant civilly liable. Nevertheless, a defendant will not be relieved of liability by an intervening force which could reasonably have been foreseen or by one which was a normal incident of the risk involved. Annotation, Civil Liability for Death by Suicide (1950), 11 A.L.R. 2d 751, 757; Annotation, Liability of One Causing Physical Injuries as a result of which Injured Party Attempts or Commits Suicide (1977), 77 A.L.R. 3d 311, 315.

In the matter *sub judice,* the complaint alleged that appellee gave intoxicating beverages to a minor, engaged in intercourse with the minor, and knew that the minor was depressed. The complaint further alleged that the minor knew that appellee possessed a firearm.

It is common knowledge that virtually all human beings experience depression of varying degrees at various times of their lives. Depression is not an unusual emotional condition. Seldom does depression lead to suicide. There was no allegation that appellee knew or should have known that Bronwyn Howard was suicidal. There was no allegation that appellee furnished a firearm or negligently made it accessible to Howard knowing her to be suicidal. Taking all reasonable inferences that can be made from the allegations of the complaint, appellant has failed to state a cause of action for which relief could be granted.

Appellant's second and third assignments of error are also overruled.

Appellant's assignments of error

are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and BOWMAN, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.