**Free**
**v.**
**Government Employees Ins.**
*[Cite as 2 AOA 710]*

*Case No. CA89-09-135*
*Butler County, (12th)*
*Decided April 30, 1990*

*R.C. 2307.38.2*
*R.C. 3937.18*
*Civ. R. 4.3(A)*

*Marks, Weiner & Marks, Edward G. Marks and Marcia G. Scacchetti, 105 E. Fourth Street, Suite 1714, Cincinnati, Ohio 45202, for plaintiffs-appellants.*

*Altick & Corwin, Francis S. McDaniel, 900 Talbott Tower, Dayton, Ohio 45402, for defendant-appellee.*

KOEHLER, J.

Ronald V. Free, Janet K. Free, and Ronald C. Free, appellants herein, appeal the dismissal of their complaint against appellee, Government Employees Insurance Company ("GEIC"). Ronald C. Free is the son of Ronald V. and Janet K. Free who are residents of Tennessee. On October 13, 1986, in Butler County, Ohio, Ronald C. Free was operating a 1985 BMW leased to his father in which his parents were riding as passengers. The Frees were involved in an accident with one Willie G. Jones. The BMW was damages beyond repair and all three appellants suffered personal injuries.

At the time of the accident, Ronald V. Free had an automobile liability insurance policy wit GEIC whose principal place of business was in Washington, D.C. Appellants notified GEIC that Jones was uninsured and made claims under the uninsured motorist provisions of the GEIC policy. When GEIC failed to acknowledge or pay any of the appellants' claims with the exceptions of Mr. and Mrs. Free's medical payment claims, appellants demanded arbitration as provided for in the insurance contract's uninsured motorist provisions. According to appellants, GEIC failed to acknowledge their demand for arbitration or to select a disinterested competent arbitrator as required by the policy.

Appellants filed a complaint in the Butler County Court of Common Pleas, naming Jones and GEIC as defendants. Despite a Butler County address, Jones could not be located and was not personally served. GEIC was served with process by certified mail in Washington, D.C., in accordance with Civ. R. 4.3, and filed an answer to the complaint in which it alleged lack of personal jurisdiction over GEIC. GEIC subsequently filed a motion for judgment on the pleadings under Civ. R. 12(C), again alleging lack of personal jurisdiction.

Appellants filed a memorandum in opposition to GEIC's motion for judgment on the pleadings. The trial court took the matter under advisement without the benefit of an evidentiary hearing and, on August 31, 1989, granted GEIC's motion for judgment on the pleadings and dismissed appellants' complaint.

In a single assignment of error, appellants claim that:

"The trial court erred in granting defendant GEIC's motion to dismiss for lack of personal

jurisdiction pursuant to Ohio Rule of Civil Procedure 12(B)(2)."

The issue to be decided in this appeal is whether the trial court erred in granting GEIC's Civ. R. 12(B)(2) motion to dismiss.

Before addressing the merits of appellants' appeal, we note that GEIC's motion was styled as one for judgment on the pleadings under Civ. R. 12(C).[1] The court's decision and appellants' brief both treat the motion as a Civ. R. 12(B)(2) motion to dismiss for lack of personal jurisdiction over the defendant.[2]

Although GEIC asserted lack of personal jurisdiction as an affirmative defense in its answer and mentioned Civ. R. 12(B)(2) in its memorandum in support of its motion, the motion was one for judgment on the pleadings. The difference between the two motions is that which the trial court can consider in rendering its decision. A determination of a motion for judgment on the pleadings pursuant to Civ. R. 12(C) is restricted solely to the allegations in the pleadings. *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161. In ruling on a Civ. R. 12(B)(2) motion to dismiss, the trial court is not limited to the allegations in the complaint, but may consider other documentary evidence such as affidavits and answers to interrogatories. *Price* v. *Wheeling Dollar Savings & Trust Co.* (1983) , 9 Ohio App. 3d 315. A review of the record, however, reveals that neither party submitted evidentiary materials in support of their respective positions. Regardless of whether the motion is one under Civ. R. 12(B)(2) or 12(C), the material allegations of the complaint, with all reasonable inferences to be drawn therefrom, are to be construed in favor of the party against whom the motion is made. *Fischer* v. *Morales* (1987), 38 Ohio App. 3d 110; *Giachetti* v. *Holmes* (1984), 14 Ohio App. 3d 306.

The complaint indicates that appellants informed GEIC that Jones was an uninsured motorist. The complaint further states that appellants demanded arbitration pursuant to the policy, a demand which GEIC allegedly failed to acknowledge. The policy contains the following language regarding the issue of arbitration:

"If any insured making claim under this policy and we do not agree that he is legally entitled to recover damages under this coverage from the owner or operator of an uninsured auto because of bodily injury to the insured, or do not agree as to the amount payable, either party will have the right to demand arbitration.

"Each party will, upon written demand of either, select a competent and disinterested arbitrator. The two arbitrators will select a third arbitrator.

"***

"*** The *arbitration* will be *held in the county* where the *accident occurred* and in accordance with the usual rules governing procedure and admission of evidence in courts of law." (Emphasis added.)

According to the terms of the policy, the arbitration requested by appellants was required to be conducted in Butler County, Ohio. Construing the complaint in favor of appellants, it may be reasonably inferred that appellants requested such arbitration in Butler County and that GEIC refused such request. Pursuant to R.C. 2307.382(A)(3), Ohio's long arm jurisdiction statute, Ohio courts may exercise personal jurisdiction over a person as to a cause of action arising from the person's tortious injury by an act or omission in Ohio. Appellants allege that GEIC's refusal to arbitrate in Butler County amounts to an omission in Ohio which has caused tortious injury to appellants.

The trial court determined that appellants' cause of action against GEIC accrued at the moment of the breach of the insurance claim and not at the time of the accident. This denial occurred sometime after the accident, presumably while appellants were in Tennessee, since no allegation was presented that it occurred in Ohio. Ohio courts have recognized an insurer's duty to exercise good faith in settling claims and that a breach of this duty will give rise to a cause of action in tort by the insured. *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1980) 62 Ohio St. 2d 221; *Slater* v. *Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148; and *Hart* v. *Republic Mut. Ins. Co.* (1949), 152 Ohio St. 185.

It is GEIC's refusal to arbitrate in Butler County which constitutes the alleged failure to exercise good faith in settling appellants' claims. Appellants had no choice but to initiate arbitration proceedings in Ohio. Regardless of whether appellants were in Tennessee or GEIC was in Washington, D.C., when the request for and refusal of arbitration was made, it was GEIC's refusal to act in Ohio which constitutes the basis for appellants' alleged tort claim based on GEIC's violation of its duty to exercise good faith in settling claims.

We accordingly conclude that the trial court erroneously granted GEIC's motion since Civ. R. 4.3(A)(3) permits the assertion of long arm jurisdiction over nonresident defendants who

commit tortious injury by an act or omission in Ohio.

See *Fallang* v. *Hickey* (1988), 40 Ohio St. 3d 106. Appellants' sole assignment of error is well-taken and is hereby sustained.

Judgment reversed and remanded for further proceedings not inconsistent with this decision.

*Judgment reversed and cause remanded.*

YOUNG, P.J., Concurs.
HENDRICKSON J., Dissents.

HENDRICKSON, J., Dissenting:

It is beyond question that the breach of an insurer's duty to exercise good faith in the settlement of claims is a tort. Also, it is clear that the policy provides that arbitration will be held in the county where the accident occurred.

Furthermore, there is an allegation by appellant that GEIC failed to acknowledge their demand for arbitration or to select a disinterested competent arbitrator.

Nevertheless, if appellant were in Tennessee and GEIC was in Washington when the claim of bad faith arose, it is difficult to understand how the failure of an insurer in Washington to designate an arbitrator in Ohio constitutes a tort in Ohio.

Therefore, I would affirm the decision of the trial court.

---

[1] Civ. R. 12(C) provides that:

"After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings."

[2] Under Civ. R. 12(B):

"*** the following defenses may at the option of the pleader be made by motion: *** (2) lack of jurisdiction over the person ***."