LIN et al., Appellants,

v.

GATEHOUSE CONSTRUCTION COMPANY et al., Appellees.

[Cite as *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61275.

Decided Nov. 30, 1992.

*Charles Gruenspan,* for appellants.

*John E. Shepherd; Bertsch, Millican, Winslow & Pilawa Co., L.P.A.,* and *Robert J. Koeth;* and *William R. Giesser,* for appellees.

---

ANN McMANAMON, Judge.

Shortly after purchasing a house in 1989, plaintiffs Thomas and Judy Lin ("the owners") discovered that the in-ground ductwork throughout the building had collapsed, causing dust to spew into the house when the furnace and air conditioning were operated. The owners sued Gatehouse Construction Company, the builder and original vendor. They also joined Airtron, Inc., the subcontractor who installed the ductwork, and Boss Concrete, the subcontractor who installed the floor, as party defendants.

This appeal challenges the dismissal of the claims against Airtron and Boss as well as certain purported procedural irregularities in regard to motions filed by the defendants.[1]

Upon review of the complaint and other pleadings, we are compelled to reverse the judgment of the trial court as to the owners' third-party beneficiary claim against the subcontractors; to reverse the grant of the builder's motion *in limine;* and to affirm in all other respects.

■ As a preliminary matter, although the trial court ostensibly granted summary judgment to the subcontractors, those matters should have been treated as motions for judgment on the pleadings pursuant to Civ.R. 12(C). We note that the court decided the matter on legal, not factual issues. When a dismissal is warranted because the complaint does not state a cause of action, and the court decides the matter on legal issues, Civ.R. 56 is inapplicable and the

---

1. See Appendix for Assignments of Error.

court must rule within the framework of Civ.R. 12. Cf. *Pond v. Carey Corp.* (1986), 34 Ohio App.3d 109, 110–111, 517 N.E.2d 928, 929–930.

Moreover, a motion to dismiss filed after the pleadings have closed, as in this case, is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C). *Harris v. WGN Continental Broadcasting Co.* (N.D.Ill. 1986), 650 F.Supp. 568.

In their first assignment of error, the owners argue the court erred in granting judgment for the subcontractors. In their third assignment of error, the owners aver the court erred in requiring privity of contract between them and the subcontractors. We will address these assignments concurrently.

In considering a motion for judgment on the pleadings, the party against whom the motion is made is entitled to have all the material allegations in his complaint, with all reasonable inferences drawn, construed in his favor as true. *Fischer v. Morales* (1987), 38 Ohio App.3d 110, 112, 526 N.E.2d 1098, 1101. A Civ.R. 12(C) motion presents only questions of law and a determination of such is restricted to the allegations in the pleadings. *Id.*, citing *Peterson v. Teodosio* (1976), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 264–265, 297 N.E.2d 113, 116–117.

To uphold a dismissal on the pleadings pursuant to Civ.R. 12(C), the court must find, beyond a doubt, that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. *Bruce v. Riddle* (C.A. 4, 1980), 631 F.2d 272; *Ashland Oil, Inc. v. Arnett* (N.D.Ind.1987), 656 F.Supp. 950.

The trial court dismissed the owners' claims against Airtron and Boss on three grounds: (1) the owners were incidental third-party beneficiaries and therefore had no enforceable rights under the contract; (2) there was no privity of contract with the subcontractors; and, (3) absent privity of contract, the owners could not maintain a cause of action for fraud against Airtron. We will address each argument respectively.

Count Five of the complaint alleges that the builder contracted with Airtron to supply and install a heating and air conditioning system in the house. The owners further aver that they are intended beneficiaries under this contract. Count Eight of the complaint alleges that the builder contracted with Boss to supply and install concrete in the house. It further states:

"Boss breached such contract by failing to properly provide sufficient backfill under the in-ground ductwork, and by pouring and setting the concrete slab when it knew, or should have known, that the in-ground ductwork was incomplete and non-conforming to the City Building Code."

The owners posit they are also intended beneficiaries of this contract.

"Intended" and "incidental third-party beneficiaries" have been defined as follows:

"(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either:

"(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

"(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary." Restatement of the Law 2d, Contracts (1981) 438–440, Section 302.

In *Hill v. Sonitrol of Southwestern Ohio, Inc.* (1988), 36 Ohio St.3d 36, 521 N.E.2d 780, the Supreme Court adopted the Sixth Circuit Court of Appeals' "intent to benefit" test in determining whether a third party is an intended or incidental beneficiary, observing:

" '* * * Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary," who has no enforceable rights under the contract.

" '* * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.' " *Id.* at 40, 521 N.E.2d at 784–785, quoting *Norfolk & W. Co. v. United States* (C.A. 6, 1980), 641 F.2d 1201, 1208.

Those cases which have construed whether a contract was made for the direct or incidental benefit of a third party have looked necessarily to the language of the contract to make this determination. Cf. *Hill v. Sonitrol of Southwestern Ohio, Inc., supra; Laverick v. Children's Hosp. Med. Ctr. of Akron* (1988), 43 Ohio App.3d 201, 540 N.E.2d 305; *Hines v. Amole* (1982), 4 Ohio App.3d 263, 4 OBR 480, 448 N.E.2d 473.

In the present case, we are unable to conduct such a review, since we are unable to look beyond the pleadings. Construing all allegations and reasonable inferences drawn from them in favor of the owners, we cannot conclude they are intended or incidental beneficiaries to the contracts entered into between Gatehouse and the subcontractors. Therefore, the court erred in granting the subcontractors's motions on the basis of the third-party beneficiary theory.

As to the owners' negligence claim, Count Six of the complaint avers that "the failure of Airtron to install the in-ground duct system in accordance with the City's Building Code constitutes negligence per se."

■ The liability of a builder-vendor of a completed structure for failure to exercise reasonable care to perform in a workmanlike manner sounds in tort, and arises *ex delicto. Barton v. Ellis* (1986), 34 Ohio App.3d 251, 253, 518 N.E.2d 18, 20. This common-law duty to perform in a workmanlike manner is also applicable to contractors. *Id.* at 252, 518 N.E.2d at 19, citing *Mitchem v. Johnson* (1966), 7 Ohio St.2d 66, 36 O.O.2d 52, 218 N.E.2d 594; *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147.

In *McMillan v. Brune–Harpenau–Torbeck Builders, Inc.* (1983), 8 Ohio St.3d 3, 8 OBR 73, 455 N.E.2d 1276, the Supreme Court held privity of contract not to be a necessary element of an action in negligence brought by a vendee of real property against the builder-vendor. *Id.* at syllabus.

In the case at bar, the owners not only made negligence claims against the builder but against the subcontractors as well. The *McMillan* court did not address whether privity of contract is necessary in suits against subcontractors. The owners seek to extend the *McMillan* holding to subcontractors, but cite no case law to support this proposition, nor do we find any.

In *William H. Kelly Co. v. First Fed. S. & L. Co.* (Apr. 7, 1989), Lucas App. No. L–88–102, unreported, 1989 WL 32577, the plaintiff/subcontractor sued the owner of the property, First Federal Savings & Loan, for breach of implied contract. The plaintiff/subcontractor entered into a contract with the general contractor to perform services on a building owned by First Federal. The only contracts executed were between the general contractor and First Federal and the general contractor and the subcontractor. The court adopted the opinion of the trial court, which held:

"The contract between plaintiff and the contractor, which makes reference to the property owned by defendant First Federal, does not afford plaintiff any contractual basis right vis-a-vis the defendant. Because of this lack of privity, plaintiff is precluded from obtaining declaratory relief from First Federal. While this Court has not been apprised of a contract between the contractor and defendant First Federal, such a contract would also preclude declaratory relief to anyone who does not have legal rights thereunder." *Id.* at 4 of the trial court's opinion, which was incorporated into the appellate opinion.

The courts of Ohio have maintained a distinction between a builder-vendor where privity of contract is not required, and a subcontractor, where privity of contract is necessary. See *Vistein v. Keeney* (1990), 71 Ohio App.3d 92, 593

N.E.2d 52; *Keaton v. Rewoldt Constr., Inc.* (Dec. 31, 1986), Ottawa App. No. OT–86–40, unreported, 1986 WL 15061.

The *Vistein* court instructed:

"As a general rule, if a plaintiff brings an action sounding in tort and bases his claim upon a theory of duty owed by a defendant as a result of contractual relations, he must be a party or privy to the contract in order to prevail. See *Poteet v. Rudy* (July 14, 1980), Montgomery App. No. 6681, unreported; 70 Ohio Jurisprudence 3d (1986) 60, Negligence, Section 18. This is based upon the fact that the plaintiff has failed to establish a duty owed to him. Based upon the policy considerations cited above, this court concludes that the situation in this case, unlike the one in the builder-vendor scenario, does not warrant the elimination of the privity requirement." *Id.,* 71 Ohio App.3d at 106, 593 N.E.2d at 61.

■  Based on these holdings, we conclude that privity of contract is required in a negligence action brought by a subsequent owner against a subcontractor.

■  Finally, as to the fraud claim, the owners allege in Count Seven of the complaint:

"30.  Airtron knowingly and wantonly installed an inground duct system that it knew did not satisfy the City Building Code, and was likely to cause future harm and damage to the owner of the Home.

"31.  Airtron installed the ductwork with complete disregard to the safety and well being of the inhabitants of the Home.

"32.  Airtron attempted to conceal and disguise the non-conforming materials, and fraudulently misrepresented the materials used to the City and others.

"33.  As a result of Airtron's reckless and fraudulent conduct, Plaintiff is entitled to recover punitive damages and reasonable attorney's fees from Airtron."

It is well established that, when fraud is alleged as the basis for an action, five elements must be asserted in the complaint:

"(1) a false representation; (2) knowledge by the person making the representation that it is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) rightful reliance by the other to his detriment; (5) an injury as a result of the reliance." *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 3, 531 N.E.2d 318, 321, citing *Schwartz v. Capital S. & L. Co.* (1978), 56 Ohio App.2d 83, 86, 10 O.O.3d 117, 118–119, 381 N.E.2d 957, 959.

Moreover, Civ.R. 9(B) requires that an allegation of fraud be pleaded with sufficient particularity. This is true for three reasons:

"First, particularity is required to protect defendants from the potential harm to their reputations which may attend general accusations of acts involving moral turpitude. Second, particularity ensures that the obligations are concrete and specific so as to provide defendants notice of what conduct is being challenged. Finally, the particularity requirement inhibits the filing of complaints as a pretext for discovery of unknown wrongs." *Korodi v. Minot, supra,* 40 Ohio App.3d at 4, 531 N.E.2d at 321.

The Supreme Court has held that, for purposes of Civ.R. 9(B), the first and second reasons are of paramount importance. *Haddon View Investment Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212.

Upon review of the complaint, we find the owners have not pleaded all of the elements necessary for fraud under Civ.R. 9(B). It is clear that, if a false representation were made by Airtron as to the deficiency in its duct system, it was made to the builder/vendor only. Therefore, we find the owners have not alleged that Airtron made a false representation to them so as to induce their reliance, as subsequent purchasers, nor have they claimed any rightful reliance on their part. For these reasons, the dismissal of the fraud claim was proper.

Accordingly, we sustain the owners' first assignment of error in part as to the third-party beneficiary claim only, but overrule the remaining claims and the third assignment of error.

In their second assignment of error, the owners contend the court erred in granting the subcontractors leave to file motions for summary judgment.

As we have noted, the motions were properly for judgment on the pleadings, and thus the question is whether the court erred in granting leave to file them as such.

Civ.R. 12(C) provides that:

"[A]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

In *Fischer v. Morales, supra,* the court cited Wright & Miller, Federal Practice and Procedure, with approval, stating:

" 'Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party indulges in excessive delay before moving under * * * [Civ.R. 12(C)], the court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial. The determination whether the motion constitutes a delay of trail is within the sound discretion of the judge. However, if it seems clear that the motion may effectively dispose of the case, the court should permit it regardless of any possible delay its consideration may cause. * * *' 5 Wright & Miller,

Federal Practice and Procedure (1969) 685, 687, Section 1367." *Id.*, 38 Ohio App.3d at 111, 526 N.E.2d at 1100.

The court granted the subcontractors' motions for leave twenty-two days before trial. The owners responded to both motions for dismissal with a brief in opposition. Nevertheless, since defendants' motions for dismissal pursuant to Civ.R. 12(C) "effectively disposed of the case," the court properly granted leave to file them. *Fischer, op. cit.*

The second assignment of error is overruled.

In their fourth assignment of error, the owners argue the court erred in granting a protective order to Airtron.

Since the trial court properly dismissed the complaint under Civ.R. 12(C), with the exception of the third-party beneficiary claim, we deem this assignment of error moot pursuant to App.R. 12(A).

Accordingly, this assignment of error is overruled.

In their fifth assignment of error, the owners aver the court erred in granting the builder's motion *in limine.*

After the court dismissed Airtron, Boss Concrete and the city of Westlake from the action, the only defendant remaining was the builder/vendor, Gatehouse Construction Company. On the morning of trial, counsel for the builder orally moved for an *in limine* restriction "as to all matters not related to the breach of contract counts" contained in plaintiffs' complaint. The complaint alleged causes of action against Gatehouse for breach of contract, negligence and negligence *per se.*

The court granted the motion over objection positing that, since it had disposed of all issues of damage against Gatehouse by summary judgment, the damage claims related to breach of contract only. The court was in error because the only judgments sought and granted were those of the subcontractors and Westlake.

The purpose of a motion *in limine* is the avoidance of the injection into trial of a potentially prejudicial matter which is irrelevant and inadmissible. *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 278, 21 OBR 345, 349, 487 N.E.2d 920, 924, citing *Hammond v. Moon* (1982), 8 Ohio App.3d 66, 8 OBR 97, 455 N.E.2d 1301. Cf. *Riverside Methodist Hosp. Assn. v. Guthrie* (1982), 3 Ohio App.3d 308, 310, 3 OBR 355, 357–358, 444 N.E.2d 1358, 1360–1361.

Although the parties later settled the breach of contract claim against the builder, in granting the motion *in limine* the court effectively dismissed the owners' remaining negligence and negligence *per se* claims against Gatehouse. Even if the court had a proper basis to dismiss these claims, the appropriate

vehicle to do so was a motion for dismissal, not a motion *in limine*. Clearly, an evidentiary motion is not the proper way to dismiss those causes of action not otherwise settled by the parties.

For this reason, we find the court erred in granting the motion *in limine* so as to dismiss all but the owners' breach of contract claim against the builder.

The fifth assignment of error is well taken and the judgment of the trial court is reversed in part, re-instating the owners' remaining claims against Gatehouse.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

FRANCIS E. SWEENEY, P.J., and HARPER, J., concur.

## APPENDIX

### Assignments of Error Presented for Review

I. The trial court erred in granting summary judgment in favor of defendant-appellees Airtron and Boss.

II. The trial court erred in granting leave to file motions for summary judgment.

III. The trial court erred in requiring privity of contract to maintain causes of action against Airtron and Boss.

IV. The trial court erred in granting a protective order to defendant-appellee Airtron.

V. The trial court erred in granting defendant-appellee Gatehouse's motion *in limine*.