This accelerated appeal comes to us from a judgment issued by the Huron County Court of Common Pleas in an action alleging malicious prosecution and abuse of process. Because we conclude that the trial properly granted summary judgment and dismissed appellants' case, we affirm.
On May 30, 1997, appellants, Alexios Gunaris and his wife, filed suit against appellees, Holiday Lakes Property Owners Association, Inc. ("Holiday Lakes"), Andre Kiraly and Lawrence Smith, agents for Holiday Lakes. The cause of action stemmed from a prior suit brought by Holiday Lakes against appellants for allegedly constructing a building without permission from the association. See Holiday Local Property Owners Assn., Inc.v. Gunaris (Mar. 7, 1997), Huron App. No. H-96-034, unreported. In that case we affirmed the trial court's ruling that appellants had sought and properly received a permit to construct the proposed building.
Appellants' counterclaims in that action were bifurcated and continued separately. Nevertheless, on May 31, 1996, appellants voluntarily dismissed all their counterclaims without prejudice. Appellants then filed the instant action, alleging various claims, including malicious prosecution and abuse of process.
On December 17, 1997, appellees answered and moved for summary judgment on the basis that appellants' claims were all. compulsory counterclaims which should have been pursued during the first suit. On February 20, 1998, the trial court dismissed all claims as being compulsory, except for appellants' claims for malicious prosecution and abuse of process.
On May 27, 1998, appellees again moved for summary judgment as to the malicious prosecution claim based upon the statute of limitations. Appellees also moved to dismiss the abuse of process claim for failure to state a claim upon which relief could be granted. A non-oral hearing was set for June 18, 1998.[1] On June 19, 1998, the trial court entered judgment for appellees, granting both motions. Appellants moved for "reconsideration," which was denied.
Appellants now appeal, setting forth the following two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT BELOW ABUSED ITS DISCRETION AND SPECIFICALLY IGNORED WELL ESTABLISHED CASE LAW IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT'S [SIC] ON THE COMPLAINT OF THE PLAINTIFF AND VIOLATED DUE PROCESS IN ITS FAILURE TO FOLLOW ITS OWN COURT RULES IN PREMATURELY RULING ON THE MOTION FOR SUMMARY JUDGMENT.
"SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT IMPROPERLY GRANTED THE DEFENDANTS [SIC] CIVIL RULE 12(B)(6) MOTION FOR DISMISSAL ON THE PLEADINGS AND VIOLATED ITS OWN RULES IN PREMATURELY DISMISSING THIS CAUSE OF ACTION PRIOR TO THE TIME SCHEDULED FOR NON ORAL HEARING."
 I.
Appellants, in their first assignment of error, argue that the trial court erred in denying their malicious prosecution claim by granting summary judgment to appellees. Appellants contend that the court denied them due process because it violated its own local rules by prematurely deciding the motion.
Huron County Court of Common Pleas Loc.R. 25.01(A) states in pertinent part that, in response to a motion for summary judgment,
 "[n]ot later than 14 days before the date of the non-oral hearing, the opposing party(s) shall file with the court and cause to be served upon the moving party opposing affidavits, depositions, exhibits and documentation and a memorandum of authorities opposing the motion."
In this case, as previously noted, the record fails to contain a judgment entry showing that the non-oral hearing was rescheduled for June 25, 1998. However, even assuming that the hearing had been reset, appellants (according to Loc.R. 25.01(A)), should have filed a response to appellees' summary judgment motion by June 12, 1998. Since appellants had still failed to file any response by June 19, 1998, the trial court had no reason to wait until the hearing date to rule on the motion. Therefore, we cannot say that the trial court's early ruling prejudiced appellants.
As to the merits of the summary judgment, we initially note that our standard of review is the same as that of the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted if there is no genuine issue as to any material fact and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). See, also, Wing v. Anchor Media, Ltd. (1991), 59 Ohio St.3d 108, as limited by Dresher v. Burt (1996), 75 Ohio St.3d 280.
An action for malicious prosecution must be brought within one year after the cause of action accrued. R.C. 2305.11(A);Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294,299. A cause of action for malicious prosecution "accrues upon the rendition in the trial court of a judgment for the defendant in the action complained of * * *." Leveringv. National Bank (1912), 87 Ohio St. 117, paragraph two of the syllabus.
In this case, it is undisputed that the final judgment in the initial suit by appellees against appellants was rendered in favor of appellants on December 20, 1995. Appellants filed their action for malicious prosecution on May 30, 1997, well beyond the one year statute of limitations period which expired on December 20, 1996.
Nevertheless, appellants argue that they had included a malicious prosecution claim among their counterclaims from the initial suit and, therefore, they saved the action by the provisions of R.C. 2305.19.
R.C. 2305.19. states
 "[i]n an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. This provision applies to any claim asserted in any pleading by a defendant. * * *"
However, the savings provisions of R.C. 2305.19 apply only if an action is commenced and then dismissed without prejudice after the applicable statute of limitations has run. SeeLewis v. Connor (1985), 21 Ohio St.3d 1, 4.
In this case, the trial court correctly noted that appellants' cause of action for malicious prosecution did not accrue until the final judgment was rendered in the initial suit. However, even assuming such a claim could have been included in appellants' counterclaims (which we are not), appellants' arguments are still without merit. Since appellants dismissed their counterclaims on May 31, 1996 (prior to the running of the statute of limitations), the savings provisions of R.C. 2305.19 do not apply. Therefore, summary judgment is proper since appellants' cause of action for malicious prosecution was barred by the statute of limitations.
Accordingly, appellants' first assignment of error is not well-taken.
 II.
Appellants, in their second assignment of error, contend that the trial court erred in considering appellants' Civ.R. 12(B)(6) motion to dismiss their claim for abuse of process, since it was filed after the responsive pleadings.
An untimely Civ.R. 12(B)(6) motion may be treated as a Civ.R. 12(C) motion for judgment on the pleadings. See State ex rel.Pirman v. Money (1994), 69 Ohio St.3d 591, 592; Lin v.Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99; Nelson v.Pleasant (1991), 73 Ohio App.3d 479, 482. A Civ.R. 12(C) motion presents only questions of law and a determination of such is restricted to the allegations in the pleadings. Fischer v.Morales (1987), 38 Ohio App.3d 110, 112, citing Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 165-166. In considering a motion for judgment on the pleadings, the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in his or her favor as true. Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 108; Fischer v. Morales,supra. To grant a dismissal on the pleadings pursuant to Civ.R. 12(C), a court must find, beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Lin v. Gatehouse Constr. Co, supra.
One of the elements essential to an abuse of process claim is that the offending action must have been instituted with probable cause. Robb v. Chagrin Lagoons Yacht Club, Inc.
(1996), 75 Ohio St.3d 264, 270; Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 298. Where a complaint fails to allege facts which establish all the required elements of a claim for abuse of process, dismissal on the pleadings is proper. See Lin v. Gatehouse Constr. Co.,supra.
In this case, the trial court found that appellants only alleged that the initiation of the initial complaint against them was "without probable cause." Nothing in the complaint alleges, in the alternative, that the acts complained of were instituted with probable cause as required to establish a claim for abuse of process. Therefore, since an essential element was missing from the complaint, the trial court properly dismissed appellants' claim for abuse of process based upon the inadequacy of the pleadings.
Accordingly, appellants' second assignment of error is not well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J. -------------------- JUDGE
Richard W. Knepper, J. --------------------- JUDGE
John R. Milligan, J. CONCUR. --------------------- JUDGE
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Both parties apparently agree that the hearing was rescheduled by the trial court for June 25, 1998 and appellees have attached a notice from the assignment commissioner to their brief. However, there is nothing in the official record which shows that the trial court entered such judgment. When faced with an inadequate or incomplete record, we must presume the regularity of the trial court's actions. See Wozniak v. Wozniak
(1993), 90 Ohio App.3d 400, 409; Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.