DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Don and Mildred Nagel and the Nagel Family Trust, appeal from the decision of the Summit County Court of Common Pleas, which granted appellee Timothy Smith's motion to enforce settlement. This Court reverses.
 I. {¶ 2} Appellee filed a complaint to quiet title on September 17, 1999. On December 5, 2001, the parties having reached a settlement, counsel for both parties read the terms of the settlement into the record. The trial court approved the settlement, and on January 28, 2002, journalized an order declaring the case "SETTLED and DISMISSED." On June 20, 2002, the trial court entered an entry Nunc Pro Tunc stating that costs were to be paid by the plaintiff. On June 17, 2004, appellee filed a Motion To Enforce Settlement Agreement. A hearing on appellee's motion to enforce was held on October 13, 2004. Appellants made an oral motion to dismiss based on the court's alleged lack of jurisdiction. On November 3, 2004, the magistrate issued a decision granting appellants' motion to dismiss.
 {¶ 3} On November 16, 2004, appellee filed objections to the magistrate's decision, arguing that the trial court had jurisdiction to enforce the December 5, 2001 settlement agreement. In addition, appellee filed a motion to vacate pursuant to Civ.R. 60(B), arguing that the trial court's January 28, 2002, and June 20, 2004, entries dismissing the case should be vacated. Appellants responded to appellee's objections and motion to vacate on November 23, 2004 and December 2, 2004. The trial court sustained appellee's objections, finding that it properly retained jurisdiction to enforce the parties' settlement agreement. A hearing was held on January 27, 2005. The trial court granted appellee's motion to enforce settlement agreement. Appellants timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DETERMINING THAT IT HAD JURISDICTION TO ENTERTAIN A MOTION TO ENFORCE SETTLEMENT AND RULE THEREON AFTER IT HAD UNCONDITIONALLY DISMISSED THE CASE AND TWO YEARS PRIOR HAD ISSUED A JOURNAL ENTRY ADJUDICATING ALL THE CLAIMS IN DISPUTE."
 {¶ 4} In their sole assignment of error, appellants argue that the trial court lacked jurisdiction to rule on appellee's motion to enforce settlement. This Court agrees.
 {¶ 5} This Court previously addressed this issue in Davis v. Jackson,
9th Dist. No. 22138, 2004-Ohio-6735 at ¶ 14, stating:
"A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and is valid and enforceable by either party. A settlement agreement may be enforced either through filing an independent action for breach of contract or by filing a motion to enforce the settlement in the same action pursuant to Civ.R. 15(E). However, a motion to enforce may be filed only prior to the entry of final judgment and is inappropriate after the trial court issues a journalized entry adjudicating all of the claims in dispute." (Internal citations omitted.)
 {¶ 6} In this case as in Davis, supra, the common pleas court issued a final judgment entry stating, "The court, having been advised that the parties have reached an agreement in this case, orders this matter to be marked `SETTLED and DISMISSED.'" The court failed to either incorporate the settlement agreement into its judgment entry or indicate that it retained the jurisdiction to enforce the terms of the settlement agreement. Therefore, the court's dismissal was unconditional. See Davis
at ¶ 15. A trial court loses authority to proceed and loses jurisdiction over an entire case, including the settlement agreement, in a case after it unconditionally dismisses it. Kleinholz v. Bodnar (May 17, 2000), 9th Dist. Nos. 19240, 19574, citing State ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70, 71. A judgment rendered by a court that lacks subject matter jurisdiction is void ab initio. Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph three of the syllabus. Because the common pleas court unconditionally dismissed the case, it lost the jurisdiction to take any further action in the case. Consequently, the trial court's entries journalized on December 16, 2004 and April 28, 2005 are void ab initio.
 {¶ 7} Based upon the foregoing, this Court finds that the trial court erred in sustaining appellee's objections to the magistrate's decision and ordering enforcement of the settlement agreement.[1]
 III. {¶ 8} The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded to the trial court. The trial court's entries journalized on December 16, 2004 and April 28, 2005 are vacated as they are void ab initio.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Whitmore, P.J., Reece, J., concur.
[1] This Court notes that this decision does not leave appellees without recourse. The party seeking to enforce a settlement agreement has several other options, including but not limited to, the filing of a motion to reactivate the case or an independent breach of contract action to enforce the settlement agreement. See Hart v. Smolak (Sept. 5, 1995), 10th Dist. No. 95APE12-1808.