DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Don and Mildred Nagel as trustees of the Don and Mildred Nagel Family Trust, appeal from the decision of the Summit County Court of Common Pleas, granting Appellee's Civ.R. 12(C) motion for judgment on the pleadings. We affirm.
 {¶ 2} Before addressing Appellants' assigned errors, we will review the history of this case. In September, 1999, Appellee, Timothy Smith, filed an action to quiet title in the Summit County Court of Common Pleas. The parties reached a settlement agreement, which was entered on the record in open court on January 28, 2002. In that agreement, Appellee agreed to grant a quitclaim deed to *Page 2 
Appellants for fifteen feet of his property in exchange for an "access easement" across twenty-two and one-half feet of Appellants' property. The transcript of this agreement is before this Court as an attachment to Appellee's complaint filed in the trial court in the instant action. The court approved the settlement and noted that, after the requisite entries were journalized, the case would be dismissed.
 {¶ 3} After a period of inaction, Appellee sought to have the settlement agreement enforced by the trial court. Ultimately, the trial court granted Appellee's motion to enforce the agreement. This Court reviewed the trial court's decision and found that the trial court lacked jurisdiction to grant Appellee's motion because of the language in the settlement agreement dismissing the action upon journalization of the entry. See Smith v. Nagel, 9th Dist. No. 22664, 2005-Ohio-6222. However, this Court noted that the parties could seek enforcement of the settlement agreement by means of a separate action:
 "This Court notes that this decision does not leave [A]ppellees without recourse. The party seeking to enforce a settlement agreement has several other options, including but not limited to, the filing of a motion to reactive the case or an independent breach of contract action to enforce the settlement agreement. See Hart v. Smolak (Sept. 5, 1995), 10th Dist. No. 95APE12-1808." Smith at ¶ 7.
 {¶ 4} Appellee then brought the instant action for breach of contract against Appellants. In it, Appellee sought to enforce the terms of the settlement agreement as recorded in the transcript of the settlement hearing. Appellee claimed that, while he had made several attempts to draft an easement to which Appellants would assent, and had provided them with a draft of the deed for his *Page 3 
property, Appellants refused to grant him the easement and were thereby in breach of the terms of the settlement agreement. In their answer, Appellants contended that Appellee was attempting to obtain an easement appurtenant, while all they had intended to grant in the settlement agreement was an easement in gross. The case proceeded toward trial, and on the day the jury trial was scheduled to commence, Appellee filed a Civ.R. 12(C) motion for judgment on the pleadings. The court delayed the trial and granted Appellants time to respond to the motion, which they did. The court then granted Appellee's motion. Appellants received a stay of the trial court's judgment, pending appeal. Appellants now timely appeal, raising four assignments of error for our review. To facilitate discussion, we will address those assignments of error in a different order from that in which Appellants have presented them.
 FOURTH ASSIGNMENT OF ERROR "The trial court erred by looking to evidentiary materials outside the complaint for its decision."
 {¶ 5} Appellants claim that the trial court improperly considered evidence outside the scope of its review when ruling on Appellee's Civ.R. 12(C) motion for judgment on the pleadings. They claim that the court considered both the transcript of the settlement agreement and the decision by the trial court in the first action that was ultimately overruled by this Court for lack of jurisdiction on the part of the trial court. *Page 4 
 {¶ 6} "This Court reviews a trial court's decision to grant a motion for judgment on the pleadings under the de novo standard of review."McLeland v. First Energy, 9th Dist. No. 22582, 2005-Ohio-4940, at ¶ 6, citing Fontbank, Inc. v. Compuserve, Inc. (2000), 138 App.3d 801, 807. "When construing a defendant's motion for judgment on the pleadings pursuant to Civ.R. 12(C), the trial court must construe as true all material allegations in the complaint, together with all reasonable inferences to be drawn therefrom." Id., citing Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 165-66. "The determination of a motion for judgment on the pleadings is [generally] restricted solely to the allegations of the pleadings." Id., citing Peterson,34 Ohio St.2d at 166. However, "[a]n exception exists which permits consideration of documents attached and incorporated into pleadings." Business Data Sys.,Inc. v. Figetakis, 9th Dist. No. 22783, 2006-Ohio-1036, at ¶ 7. See, also, Civ.R. 10(C).
 {¶ 7} While we do not reach the merits of the trial court's ruling on the Civ.R. 12(C) motion because Appellants do not make any such challenge, we must consider the trial court's judgment entry on its face to determine what the trial court relied on in making its decision. This Court finds no indication that the trial court considered the prior trial court ruling in making its decision in the instant case. Appellant's only basis for its contention on this point is that Appellee mentioned the prior ruling in his brief in support of the motion. *Page 5 
 {¶ 8} Moreover, there was sufficient evidence in the pleadings, which were within the proper scope of the trial court's consideration, upon which the court could base its ruling. Appellee attached the transcript of the settlement hearing to his complaint, and incorporated that transcript in the complaint by reference. According to this Court's decision in Business Data Systems, the transcript may be considered by the trial court, as it has become part of the pleadings. Business DataSys. at ¶ 7. Appellants never moved to strike the transcript, nor did they object to its attachment to and incorporation in the complaint. The trial court could properly consider the transcript as part of the complaint. As there is no indication from the face of the judgment entry that the trial court looked beyond the pleadings in making its decision, Appellant's fourth assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "The trial court erred by allowing [Appellee] to file a Civil Rule 12(C) motion a few minutes prior to the beginning of the jury trial."
 {¶ 9} Appellants contend that the trial court improperly permitted Appellee to file his motion on the morning that the jury trial was scheduled to begin
 {¶ 10} Civ.R. 12(C) provides as follows: "Motion for judgment on the pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The rule does require that a motion be filed so as not to cause a delay in the proceedings when a jury *Page 6 
trial is scheduled. However, the Tenth District has adopted the following reasoning, which was later cited favorably in other districts:
 "`Ordinarily, a motion for judgment on the pleadings should be made promptly after the close of the pleadings. If a party indulges in excessive delay before moving under * * * [Civ.R. 12(C)], the court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of trial. The determination [of] whether the motion constitutes a delay of trial is within the sound discretion of the judge. However, if it seems clear that the motion may effectively dispose of the case, the court should permit it regardless of any possible delay its consideration may cause.'" Fischer v. Morales (Apr. 28, 1987), 38 Ohio App.3d 110, 111, quoting 5 Wright Miller Fed. Practice 
Procedure (1969) 685, 687, Section 1367; Hollinghead v. Bey (July 21, 2000), 6th Dist. No. L-99-1351, at *9.
 {¶ 11} In Fischer, the defendant filed his Civ.R. 12(C) motion for judgment on the pleadings on the morning the trial was to begin.Fischer, 38 Ohio App.3d at 111. While the defendant had raised in his defense that the plaintiff's complaint failed to state a cause of action, the trial court had not addressed that defense, which the defendant then effectively re-stated in his Civ.R. 12(C) motion. Id. The trial court decided to consider the motion despite its untimeliness. Id. The appellant challenged that decision, stating that the trial court had erred in granting the motion for judgment on the pleadings, because the motion was not timely filed. Id. In reviewing the trial court's decision to consider the motion, the appellate court applied the language cited above, which indicates that the decision to consider an untimely Civ.R. 12(C) motion is "within the sound discretion of the [trial] judge."Fischer, 38 Ohio App.3d at 111. The Fischer court reviewed that *Page 7 
preliminary decision by the trial court for an abuse of discretion, which we will do as well.
 {¶ 12} An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd, 66 Ohio St.3d 619, 621.
 {¶ 13} Appellants have challenged the trial court's decision "allowing [Appellee] to file a Civ.R. 12(C) motion" just prior to trial. We find that it was within the trial court's sound discretion to permit the filing of such a motion. Appellants were given ample time to respond, which they did. There was nothing unreasonable or arbitrary about the trial court's decision, and, in fact, the decision to review the motion permitted the trial court to dispose of the case. Appellants' second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR "The trial court erred by granting [Appellee's] motion, designated a Civil Rule 12(C) motion by the trial court, enforcing an agreement against a party, the Nagel Family Trust, which was not a party to the first case where the agreement was allegedly made."
 {¶ 14} Appellants contend that the trial court erred in enforcing its decision against the Nagel Family Trust. They contend that the Trust was not a party to the initial action that resulted in the settlement agreement, which the trial court has now enforced against the Trust. *Page 8 
 {¶ 15} We find that Appellants have waived any such argument based on the answer they filed to Appellee's complaint in the trial court. In his complaint in the instant case, Appellee clearly named as defendants Don Nagel and Mildred Nagel in their capacity as trustees of the Trust. Appellee attached to that complaint the transcript of the settlement hearing, and incorporated that transcript by reference, as evidence of the contract between the parties. Appellants then answered this complaint first by arguing that Appellee's claims were barred by res judicata.
 {¶ 16} "The doctrines of res judicata and collateral estoppel preclude relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." (Emphasis added.) Vectren Energy Delivery ofOhio, Inc. v. Pub. Util. Comm., 113 Ohio St.3d 180, 2006-Ohio-1386, at ¶ 30, citing Consumers' Counsel v. Pub. Util. Comm. (1985),16 Ohio St.3d 9, 10, citing Trautwein v. Sorgenfrei (1979), 58 Ohio St.2d 493, syllabus. Appellants' use of this argument assumes that the parties named in the instant action were the parties in the original action.
 {¶ 17} Moreoever, Appellants referred throughout their answer to the prior action between "these parties," indicating the parties named by Appellee in the instant action. For instance, Appellants stated that, "Defendants assert the affirmative defenses of waiver and accord and satisfaction in that these parties reached an agreement in case No. CV 1999-09-3745[.]" (Emphasis added.) *Page 9 
 {¶ 18} Appellants admitted in their answer that the parties concerned in the instant action are the same parties that were involved in the prior action. This constitutes a judicial admission that the parties named in the instant case are the same parties that entered the agreement in the prior action. See Beneficial Ohio, Inc. v. Primero,L.L.C., 166 Ohio App.3d 462, 2006-Ohio-1566, at ¶ 12, citing Faxon HillsConst. Co. v. United Broth. of Carpenters and Joiners of America (1958),168 Ohio St. 8, 10. At no point in the pleadings did Appellants attempt to argue that they were not the proper parties to be held to the settlement agreement. See Teagle v. Lint (Aug. 15, 1998), 9th Dist. No. 18425. Their attempt to claim in the final inning that they were improperly named is not well taken. Appellants' third assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR "The trial court erred by summarily dismissing [Appellants'] counterclaim as it was independent from [Appellee's] claim and [A]ppellee had not requested the dismissal of the counterclaim."
 {¶ 19} Appellants claim that the trial court improperly dismissed their counterclaim after it ruled on Appellee's Civ.R. 12(C) motion. They contend that their counterclaim was independent of Appellee's claims in his complaint.
 {¶ 20} Appellants' counterclaim was entirely based on the argument that the easement referred to in the settlement agreement would be an easement in gross. However, in ruling on Appellee's Civ.R. 12(C) motion, the trial court decided that the easement intended was an easement appurtenant, making *Page 10 
Appellants' argument moot. The trial court properly dismissed Appellants' counterclaim as moot. Appellants' first assignment of error is overruled.
 {¶ 21} Each of Appellants' four assignments of error is overruled. The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 LYNN C. SLABY FOR THE COURT *Page 11 
WHITMORE, J.
CONCUR