In re Ronald J. CHECH, Sr., Debtor.

THE MAY COMPANY, Plaintiff,

v.

Ronald J. CHECH, Sr., Defendant.

Bankruptcy No. B87–01621–Y.
Adv. No. 88–0032.

United States Bankruptcy Court,
N.D. Ohio.

Oct. 20, 1988.

Lee R. Kravitz, Cleveland, Ohio, for plaintiff, The May Co.

Robert Wynn, Jefferson, Ohio, for debtor/defendant.

Conrad J. Morgenstern, U.S. Trustee, Cleveland, Ohio.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came before the Court on the Motion for Summary Judgment of Plaintiff, THE MAY COMPANY ("MAY CO.") in an adversary action commenced in order to find a credit card obligation to be nondischargeable pursuant to 11 U.S.C. Sec. 523(a)(2)(A).

Federal Rule of Civil Procedure 56 is made applicable to adversary proceedings by virtue of Bankruptcy Rule 7056. According to Federal Rule of Civil Procedure 56, summary judgment is only appropriate where there is no genuine issue of material fact when viewing the evidence in a light most favorable to the opposing party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153–57, 90 S.Ct. 1598, 1606–08, 26 L.Ed.2d 142 (1970); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir.1980). It is the Movant's burden to establish that no genuine issue of fact exists. *Shearson/American Express, Inc. v. Mann*, 814 F.2d 301, 305 (6th Cir.1987). However, if a motion has been made and properly supported, the opposing party may not rest on the pleadings. Instead, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Bouldis v. U.S. Suzuki Motor Corp.*, 711 F.2d 1319, 1324 (6th Cir.1983). For the following reasons, the Court hereby enters partial summary judgment in favor of the Plaintiff.

An exception from discharge based on 11 U.S.C. Sec. 523(a)(2)(A) requires a creditor to prove:

(1) the debtor made certain representations in the process of obtaining property or refinancing;

(2) the debtor either knew the representations were false or the representations were made with gross recklessness as to their truth;

(3) debtor intended to deceive the creditor;

(4) creditor reasonably relied on the false representations;

(5) creditor's loss was the result of the misrepresentation.

*See In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986).

 While there is some disagreement, the majority view appears to find that credit card purchases include an implied representation that the cardholder has the ability and intention to pay for the charge incurred. *In re Pozucek*, 73 B.R. 110 (Bankr.N.D.Ill.1987); *In re Sentry*, 42 B.R. 456 (Bankr.S.D.N.Y.1984); *In re Higgs*, 39 B.R. 181 (Bankr.N.D.Ohio 1984). *But see First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir. 1983).[1] After a considered review of the law, this Court chooses to follow the majority view in adopting the "implied representation" analysis. Accordingly, because the Debtor admits making the purchases in dispute, MAY CO. is entitled to judgment on the first requirement as a matter of law.

 It appears that, at the time charges to the Plaintiff were incurred, the Debtor owed in excess of Twenty–Seven Thousand & 00/100 Dollars ($27,000.00) on fifteen different charge accounts. On those accounts where a credit limit had been established, charges on all but two of the accounts exceeded the credit limit imposed. At the same time, the Debtor's income from May through December, 1987, was approximately Ten Thousand & 00/100 Dollars ($10,000.00). When the charges with

---

**1.** The Court does not find the rationale contained in the *Roddenberry* decision to be particularly persuasive in this regard.

MAY CO. were incurred, the Debtor apparently was in training with a company called "OFFICIAL RECORD & DOCUMENTS," which lasted one month and from whom no salary was ever earned. Finally, it is difficult to believe that the Debtor as a tax accountant, could reasonably have believed that he had an ability to pay the charges incurred on the accounts at the time the obligations were undertaken. Based on the documents and depositions filed with the Court, we are compelled to find that the Debtor either knew he had no ability to pay the charges incurred or was unreasonably reckless in such a belief. Thus, MAY CO. is entitled to judgment on the second requirement, as well.

 The evidence supporting our finding regarding the Debtor's knowledge or recklessness concerning his implied representations might also support a finding of intent to deceive. However, the Debtor indicates in his affidavit that he faced promising prospects for employment in the fall of 1987, which could buttress his claim that he had no intent to deceive MAY CO. The Court remains unpersuaded concerning the Debtor's basis for optimism but believes that evidence will need to be heard regarding these prospects.[2] Therefore, judgment on the third requirement would be inappropriate at this time.

 The fourth requirement demands a showing of reasonable reliance on the Debtor's representations by the creditor. The Plaintiff cites *In re Ophaug*, 827 F.2d 340 (8th Cir.1987) for the proposition that a creditor's reliance under Sec. 523(a)(2)(A) need not be reasonable.[3] The Sixth Circuit, however, has already determined the need for *reasonable* reliance in *In re Phillips*, 804 F.2d at 932. Therefore, that is the standard which must be applied. The Plaintiff also argues that reliance on the Debtor's implied representations that he could and would pay for his credit card

purchases can be inferred from the actual purchase of goods on credit. Even if we were to accept this argument, the Plaintiff has failed to show that its reliance was reasonable. While *In re Schnore*, 13 B.R. 249 (Bankr.W.D.Wis.1981) found a creditor's reliance to be reasonable based on a five-year credit relationship during which payments had remained current on the account, the facts appear to be somewhat different in this case. In short, this Court rejects the Plaintiff's suggestion that this one-year credit relationship provides the quantum of reasonableness required under the Bankruptcy Code. Moreover, while we agree with Plaintiff that a requirement of inquiry before each extension of credit would be impracticable in credit card transactions, we believe MAY CO. had a duty to make some inquiry into the Debtor's financial condition before issuing the card. MAY CO. can hardly be heard to complain about a debtor's implied misrepresentations concerning his ability to pay and its reliance thereon if it neglected to conduct some inquiry regarding the debtor's ability to pay before initial issuance of the card. Thus, the Court will have to consider additional evidence in order to determine whether MAY CO. can satisfy the fourth requirement.

There appears to be no doubt that MAY CO.'s losses occurred as a result of the Defendant's misrepresentation. Thus, the Plaintiff will be granted judgment on the fifth requirement, as well.

Accordingly, a trial date will be set to consider the unresolved issues of the Debtor's intent to deceive the Plaintiff and the Plaintiff's reasonable reliance on the Debtor's misrepresentations. A final pretrial in this cause is set for Monday, December 5, 1988, at 10:00 a.m. in the United States Bankruptcy Court for the Northern District of Ohio, Nine West Front Street, Third

---

2. This same argument was not sufficient to withstand summary judgment on the second requirement because even if true, the Debtor's conduct was reckless as to his implied representation of an ability to pay given the circumstances in this case.

3. If the Sixth Circuit had not addressed the issue, this Court would be inclined to follow *In re Ophaug*. The absence of a requirement for *reasonable* reliance in Sec. 523(a)(2)(A), in conjunction with its presence in Sec. 523(a)(2)(B), suggests the propriety of the Eighth Circuit's decision.

Floor, Youngstown, Ohio. Parties should notify the Clerk of Court if they wish to participate telephonically in this pretrial.

IT IS SO ORDERED.