In re Maryland Mark BEVERLY, Debtor.

BOWYERS TRUE VALUE HARDWARE, INC., Plaintiff,

v.

Maryland Mark BEVERLY, Defendant.

Bankruptcy No. B88–00785–Y.
Adv. No. 88–0072.

United States Bankruptcy Court, N.D. Ohio.

Jan. 23, 1989.

Robert A. Ciotola, Youngstown, Ohio, for debtor/defendant.

Fred Emmerling, Liverpool, Ohio, for plaintiff.

Joseph M. Houser, Youngstown, Ohio, trustee.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause is before the Court upon the Plaintiff's adversary Complaint in which it seeks to except from Debtor's discharge an obligation owed to Plaintiff. Counsel for the parties have advised the Court that the issue raised in the pleadings with respect to the value of the Debtor's residential real property has been resolved to the satisfaction of the parties and need not be considered further by the Court. Thus, the sole issue to be considered herein is whether Debtor's obligation to Plaintiff should be excepted from discharge pursuant to the provisions of 11 U.S.C. Sec. 523(a)(2)(A).

## FACTS

Debtor, MARYLAND MARK BEVERLY, is a carpenter by trade and experience and was completing the erection of a home near Plaintiff's place of business. It appears that Plaintiff's vice-president, Scott Bowyers, has both known the Debtor and done business with him for some period of time prior to the construction of Debtor's home. Debtor had purchased kitchen cabi-

nets, carpeting, a vacuum cleaner, hot water heater and other materials from Plaintiff to incorporate into the home which he was completing on his own time. Debtor had been extended a thirty-day (30–day) charge account with Plaintiff. On December 9, 1987, Mr. Bowyers delivered carpeting and related materials to Debtor's home and asked about the Debtor's previous promises regarding payment of the charge account. At that time, the balance on the account amounted to approximately Two Thousand, Seven Hundred & 00/100 Dollars ($2,700.00), including the items which were delivered on December 9. Debtor paid Mr. Bowyers One Thousand, Five Hundred & 00/100 Dollars ($1,500.00) in cash at the time of the delivery to be applied to the account. The Debtor also promised to apply his 1987 Federal Income Tax refund, which he anticipated would be large, to pay the balance of the account. It appears that a payment schedule was prepared by Plaintiff and proposed to Debtor, but Debtor made no payments pursuant to that payment schedule. After about a month, Mr. Bowyers became concerned and was told by Debtor that the income tax refund would be forthcoming and there were further assurances that the refund would be applied to extinguish the obligation. After the December 9, 1987 carpet delivery and the discussion at that time between Debtor and Mr. Bowyers, the Plaintiff extended further credit to the Debtor in the amount of Five Hundred Ten & 45/100 Dollars ($510.45) (Plaintiff's Exhibit 2). Mr. Bowyers testified that he extended further credit to Debtor in reliance upon the representation that the income tax refund would be dedicated to and sufficient to pay the balance on the account. Subsequent to the Debtor's initial promise of payment on December 9, 1987, it appears there were several contacts between the Plaintiff and the Debtor regarding payment of the account. The Debtor's testimony and Court records in this case indicate that approximately One Thousand & 00/100 Dollars ($1,000.00) was received by Debtors from the income tax return. Although the record does not reflect precisely when the tax refund was received by

Debtor, it is evident that it was received sometime prior to the filing of the bankruptcy petition. Apparently, however, the Debtor never informed the Plaintiff that the income tax refund had been received. Mr. Bowyers also testified that the Plaintiff did not exercise its right to file a mechanic's lien because of continued reliance upon Debtor's representation that the income tax refund would be sufficient to cover the balance of the obligation and would be used for that purpose.

## DISCUSSION

This action is a core proceeding pursuant to 28 U.S.C. Sec. 157(b)(2)(I) and seeks an exception to discharge pursuant to the provisions of 11 U.S.C. Sec. 523(a)(2)(A). Under that Section, a creditor is required to prove:

(1) The Debtor made certain representations in the process of obtaining property or refinancing, or extension of credit;

(2) The Debtor either knew the representations were false or the representations were made with gross recklessness as to their truth;

(3) Debtor intended to deceive the creditor;

(4) Creditor reasonably relied on the false representations;

(5) Creditor's loss was the result of the misrepresentation.

*See In re Phillips,* 804 F.2d 930, 932 (6th Cir.1986).

 The evidence is undisputed that on December 9, 1987, and at other times thereafter, the Debtor represented to Mr. Bowyers that he was entitled to a substantial 1987 income tax refund which would be more than sufficient to pay the outstanding obligation on his charge account. The Debtor promised to utilize the refund to that end. It also appears that these representations were made in order to obtain carpeting and other items totalling approximately Five Hundred Ten & 45/100 Dollars ($510.45). Finally, even in the absence of any express representations, this Court has previously adopted the "implied representa-

tion" theory relating to credit purchases. *In re Chech*, 96 B.R. 781, 783 (Bankr.N.D. Ohio 1988). That theory holds that "credit card purchases include an implied representation that the cardholder has the ability and intention to pay for the charge incurred." *Id.* We see no reason why that theory should not apply to the instant proceeding. Thus, every time the Debtor made a charge on his charge account with Plaintiff, he impliedly represented that he had both the ability and intention to pay for the charge incurred. Accordingly, under either theory, the first requirement for nondischargeability is met.

■ Plaintiff cannot succeed on the second and third requirements because it failed to show a basis for the Debtor's culpability. The burden of establishing that Debtor intended to falsely or fraudulently induce an extension of credit is on the complaining creditor. *Matter of Duncan*, 81 B.R. 665 (Bankr.M.D.Fla.1987). The intention must be inferred from a totality of the circumstances or facts in evidence in the proceeding. *In re Wyatt*, 87 B.R. 874 (Bankr.E.D.Va.1988). In an action pursuant to Sec. 523, any question as to the debtor's intent must be resolved in the debtor's favor, so long as there is a basis for an inference of honest intent. *In re Weitzel*, 85 B.R. 753 (Bankr.N.D.Ohio 1988). A debtor must either have known the representations were false at the time they were made or have been grossly reckless as to the truth of such representations. In this case, the Court does not find the Debtor intended to deceive the Plaintiff when he promised to pay the account with his tax refund. The Court is persuaded that the Debtor initially intended to pay the account with his refund. It also appears that at some indeterminate time subsequent to his initial representation, the Debtor changed his mind about applying the income tax refund to his account. However, there is insufficient evidence in the record to permit us to draw a conclusion as to when that occurred.

Furthermore, as to the Debtor's ability to pay, the evidence indicates that during the pertinent time periods, the Debtor was employed by Master Plan Builders earning a take-home, or net, salary of approximately Two Hundred Fifty & 00/100 Dollars ($250.00) a week. There was insufficient evidence to show that the Debtor could not have reasonably believed that he possessed the ability to pay the charges incurred with the Plaintiff, based upon his salary. In addition, the Court does not view the aggregate amount of his obligations to be so large in amount as to make it unlikely that he could have reasonably believed he possessed the ability to pay off charges he incurred on his account. As a result, the Court is unable to find that the Debtor made either express or implied representations that he knew were false at the time they were made in order to deceive the Plaintiff. Based upon the same evidence, the Court also is unconvinced that the Debtor's representations were grossly reckless as to their truth.

Accordingly, since the Plaintiff cannot meet the second and third requirements for nondischargeability, the Plaintiff's Complaint is hereby dismissed and the Debtor's obligation to the Plaintiff shall be deemed to be dischargeable.

IT IS SO ORDERED.