**In re William Joseph McDOWELL & Nancy K. McDowell, Debtors.**

**P.H.H. U.S. MORTGAGE CORPORATION & Timothy Marek & Carolyn Marek, Plaintiffs,**

v.

**William Joseph McDOWELL & Nancy K. McDowell, Defendants.**

**Bankruptcy No. 92–20228–C.
Adv. No. 92–2034–C.**

United States Bankruptcy Court,
W.D. Missouri, C.D.

Oct. 8, 1992.

Janice A. Harder, Columbia, Mo., for defendants McDowell.

Lynn C. Rodgers, Springfield, Mo., for plaintiffs.

John Reed, Jefferson City, Mo., Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

William J. McDowell and Nancy J. McDowell filed their petition for relief under chapter 7 of the bankruptcy code on March 6, 1992. Fine Homes, Inc. of Springfield, d/b/a Herrman Lumber Company ("Herrman") and Timothy and Carolyn Marek filed two separate adversary actions against the debtors. The Mareks alleged that the debt to them should not be dischargeable under 11 U.S.C. § 523(a)(2)(A). Herrman alleged the same

but also added a second count under 11 U.S.C. § 523(a)(6). The two adversaries were tried together on August 19, 1992 and submitted to the Court on that date.

At the conclusion of the hearing, promising that this written opinion would follow, the Court announced that it would find in favor of both petitioners on the fraud claim under § 523(a)(2)(A) and against petitioner Herrman on the malicious injury claim under § 523(a)(6). However, upon sua sponte review the Court has reluctantly concluded that the evidence does not support a finding in favor of Herrman on either count.

## FACTS

In November of 1990, Timothy and Carolyn Marek bought real property from Debtors William and Nancy McDowell described as 76 Par Five Drive, Sedalia, Mo., 65301. On November 27, 1990, the McDowells signed an affidavit, required by the title company which handled the closing, stating that "there are no outstanding deeds of trust, mortgages, judgment liens, mechanics liens, or materialmen liens filed of record or unfiled claims or any other liens or encumbrances of any kind except as follows: None." In fact, however, at the time that the affidavit was executed, the McDowells did owe Fine Homes, Inc. d/b/a Herrman Lumber Company approximately $27,000 for building materials used in constructing the home purchased by the Mareks. Fine Homes has brought suit in state court against the Mareks asserting its mechanics lien against the property and the Mareks have cross-claimed against Debtors in that action.

## DISCUSSION

### *The Mareks' Claim Under § 523(a)(2)(A)*

Section 523(a)(2)(A) provides that a debt is non-dischargeable if it is a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by ... false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A) (1988).

■ The following elements are required in order for the plaintiff to make a case for dischargeability under § 523(a)(2)(A):

(1) the debtors made the representations;

(2) that at the time they knew the representations were false;

(3) that they made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations;

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Thul v. Ophaug (In re Ophaug)*, 827 F.2d 340, 342 n. 1 (8th Cir.1987).

■ There can be no dispute that the McDowells made the representation that the real property being sold to the Mareks was free of any lien whatever. Both admitted signing the affidavit which clearly stated that there were no liens on the property.

■ That the McDowells knew, at the time that they signed the affidavit, that the property was not free of liens may be inferred from the evidence. Mr. McDowell testified that he knew that the debt to Herrman remained unpaid at the time he signed the affidavit. Although Mrs. McDowell disclaims any knowledge of the status of the debt, at minimum she signed the affidavit with a reckless disregard for the truth of the assertions which it contained. The debt to Herrman was a joint debt. Mrs. McDowell is a licensed real estate salesperson and testified that she knew of the significance of the affidavit which she signed. If she failed to ascertain the truth of the statements which she was swearing to in the affidavit then she acted with reckless disregard for the truth when she signed the statement and such reckless disregard is sufficient to constitute a false representation under § 523(a)(2)(A). *Birmingham Trust National Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985); *Orval Davis Tire Co. v.*

*Hamm (In re Hamm)*, 92 B.R. 386, 389 n. 1 (Bankr.W.D.Mo.1988).

■ Debtors' intent to defraud may be inferred from the totality of the circumstances. *See First National Bank v. Kimzey (In re Kimzey)*, 761 F.2d 421, 424 (7th Cir.1985). The Court finds that Debtors had such intent. They both knew that the sale of the property could not be closed without making the false statement and they both knowingly or recklessly made the false statement. From those facts, the Court infers that the false statement was intended to deceive the Mareks in to believing that the property which they purchased was free and clear of encumbrances.

The Court finds that Mr. Marek relied upon Debtors' false statement because he testified that he would not have gone forward with the transaction without the affidavit.

Lastly, if the Mareks suffer an adverse judgment in state court on Herrman's lien, then they were damaged by the misrepresentation. In that case, they will have suffered damages in the amount of the judgment because the lien continued to attach to the real property which they purchased. As the owner of the real property, a judgment against them will force them to pay a debt which would have been paid from the proceeds of the sale if Debtors had not falsely stated to the Mareks that no liens existed against the property.

The Mareks have met their burden of proof on all five elements of their fraud claim under § 523(a)(2)(A).

*Herrman Lumber Company's Claim under § 523(a)(2)(A)*

■ The initial defect in Herrman's dischargeability complaint has to be the timing of the creation of the debt in relation to the fraudulent activity complained of. The debt owed to Herrman by the McDowells is on account of credit extended to McDowell during the construction of the house; the debt does not arise from the fraudulent transaction. Therefore, Herrman cannot plausibly claim that the extension of credit was obtained by fraud because the credit was given prior to the fraudulent activity complained of.

But even if Herrman could get over that hurdle, their complaint also fails for failure to prove that they were defrauded by McDowells. There is no question that Debtors knowingly made false representations and that Herrman was damaged by the false representations. In the typical transaction of this kind, the title company will put into escrow whatever is required out of the purchase price of the property to satisfy the encumbrances and will release the remainder to the seller. Had Debtors disclosed the debt to Herrman, funds would have been escrowed to cover that debt and the account would have been paid. But as a direct result of Debtors' false affidavit, those funds were not applied to Herrman's debt. Nonetheless, Herrman has failed to prove either that Debtors intended to deceive them by means of their false affidavit or that they relied upon Debtors' false affidavit.

■ Herrman claims to be a third party beneficiary of the agreement between Debtors and the Mareks so a deception directed at the Mareks was also a deception directed at Herrman. The third party beneficiary doctrine is a doctrine which allows a person intended to be benefitted by the contract of others to enforce it against the promisor. A "third party beneficiary must show that the particular contract was intended by the parties for the direct benefit of the third party beneficiary." *Teter v. Morris*, 650 S.W.2d 277, 282 (Mo.Ct.App. 1982). But "where a person is only collaterally and incidentally benefitted by a contract entered into by others he is not entitled to enforce it." *Black & White Cabs, Inc. v. Smith*, 370 S.W.2d 669, 674 (Mo. 1963). In this case, there is no evidence before the Court that Debtors or the Mareks intended to benefit Herrman by their sales contract; at most, had McDowells' debt to Herrman been disclosed, Herrman would have been an incidental beneficiary of the sale. Herrman's relationship to the transaction where the false statement was made is too remote to find that Debtors, by their false statement, intended to deceive Herrman. Similarly, Herrman's remoteness from the transaction makes it impossible for it to have relied on the false statement; nor does Herrman even suggest

what action it may have taken in such reliance. Herrman has failed to satisfy the intent and reliance elements of their cause of action under § 523(a)(2)(A).

*Herrman Lumber Company's Claim under § 523(a)(6)*

 A debt may be found to be nondischargeable when it is a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6) (1988).

The requirement that an injury be willful and malicious incorporates two separate inquiries. *Barclays American/Business Credit, Inc. v. Long (In re Long),* 774 F.2d 875, 880–81 (8th Cir.1985). In order to be willful, the debtor's conduct must be "deliberate or intentional." *Cassidy v. Minihan,* 794 F.2d 340, 343 (8th Cir. 1986); H.Rep. 595, 95th Cong., 1st Sess. 365 (1977). To satisfy the malice requirement the injury must either be the intended result of the debtor's action or must be virtually certain to follow. *In re Long,* 774 F.2d at 881.

But the debt owed to Herrman is an account receivable for lumber and building materials used in the construction of the Marek home. There is no claim that Herrman extended the credit to Debtors' as a result of any willful or malicious act. What Herrman does point to is the false affidavit signed by Debtors at the closing on the Marek home. But it cannot be said that Herrman's account receivable arises from that false affidavit and is, therefore, for a willful or malicious injury. The debt is simply for building materials used in the construction of a home and pre-dates the false affidavit. For that reason, Herrman's complaint under § 523(a)(6) must fail.

### CONCLUSION

In accordance with the above discussion, the complaint of Timothy and Carolyn Marek is SUSTAINED and the Mareks' claim against Debtors shall be nondischargeable pursuant to § 523(a)(2)(A). The complaint of Fine Homes of Springfield d/b/a Herrman Lumber Company is DENIED as to both counts under §§ 523(a)(2) and 523(a)(6).

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.