In re Gary and Jill LEWIS, Debtors.

Datha HILE, Plaintiff,

v.

Gary M. LEWIS, et al., Defendants.

Bankruptcy Nos. 92–3417, 92–32414.

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 27, 1993.

Keith M. Schnelle, Sidney, OH, for plaintiff.

Steven L. Becker, Lima, OH, for defendants.

Bruce C. French, Trustee, Lima, OH.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment. Both parties had the opportunity to conduct discovery and have submitted briefs arguing their position on the instant issue. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the debt owed by the Defendant is Nondischargeable.

### FACTS

On March 2, 1990, Yolanda Kossel (hereafter "Kossel") recovered a Judgment in the Shelby County Common Pleas Court against the Debtors, the Lewises, for money owed by the Lewises to Kossel. The amount of the Judgment was Thirteen Thousand Nine Hundred Eighty-one and 12/100 Dollars ($13,981.12) and costs of the action. The Debtors in this case received notice of the Judgment by certified mail as evidenced by Exhibit "B" and made a number of payments on that Judgment. Kossel filed with the Clerk of the Common Pleas Court of Allen County, Ohio, a Certificate of Judgment issued by the Clerk of the Common Pleas Court of Shelby County, Ohio, around August 17, 1990.

At the time of filing the Certificate of Judgment, the Lewises were the owners of a piece of real estate located at 4024 Odema Drive, Lima, Allen County, Ohio (hereafter "Property"). On or around May 13, 1991, the Debtors sold the Property to Datha Hile (hereafter "Hile") to which the Certificate of Judgment had attached as a valid and subsisting lien. At the closing of the sale transaction, the Debtors executed an affidavit. This affidavit was sworn to and signed by the Lewises. The affidavit stated that they had no knowledge of any encumbrances on the title to the land other than those encumbrances set forth in the title provided to Hile. The existence of a Judgment against the Lewises was not set forth on the affidavit or the title insurance policy. As such, Hile had no knowledge of the existence of the Certificate of Judgment.

Around February 19, 1992, Kossel filed a second suit in the Allen County Common Pleas Court to collect the judgment and foreclose on the Property. Several payments had been made by the Debtors on their debt owed to Kossel according to the first suit but not enough to satisfy the Judgment. The fact that the Debtors had made some payments on the judgment indicates that they were aware of the Judgment against them. On June 11, 1992, Kossel was granted Summary Judgment against Hile as the current owner of the Property. On September 11, 1992, Kossel was granted a Judgment Entry permitting her to proceed with foreclosure of the Certificate of Judgment against the Property. Around September 21, 1992, Kossel was granted an Order of Sale against the Property. Then, under the immediate threat of foreclosure of the Property, the Plaintiff had to satisfy the Judgment against the Lewises by paying to Kossel Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) and court costs. The Plaintiff seeks to recover the Judgment owed by the Lewises to Kossel which Hile was forced to pay due to the threat of immediate foreclosure.

After Kossel had filed the second suit, the Lewises filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code on June 26, 1992. The First Meeting of the Creditors was held on August 24, 1992. The Plaintiff in this case timely filed a Complaint to Determine Dischargeability of Defendant's Debt to Hile pursuant to 11 U.S.C. § 523(a)(2)(A). The Lewises filed their Answer on or around October 22, 1992. During discovery, a number of Affidavits were taken. On March 23, 1993, the Plaintiff filed a Motion for Partial Summary Judgment. The Defendant then filed a Response to the Plaintiff's Motion for Partial Summary Judgment and filed its own Motion for Summary Judgment. The Plaintiffs filed a Reply Memorandum.

### LAW

The relevant section of 11 U.S.C. Section 523 reads as follows:

**Section 523. Exceptions to Discharge.**

(a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement reflecting the debtor's or an insider's financial condition;

## DISCUSSION

The Plaintiff seeks a determination that Defendants' indebtedness of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The determination of dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The standard of proof in determining dischargeability of debts obtained by false pretenses or a false representation under 11 U.S.C. § 523(a) is preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Cardenas v. Stowell*, 113 B.R. 322 (Bkrtcy.W.D.Tex.1990). The following elements are required in order for the plaintiff to make a case for dischargeability under 11 U.S.C. § 523(a)(2)(A): (1) the debtor made representations; (2) that at the time they knew the representations were false; (3) that they made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. See, *In re McDowell*, 145 B.R. 977 (Bkrtcy.W.D.Mo.1992); *In re Satterfield*, 25 B.R. 554 (Bkrtcy.N.D.Ohio 1982); and *In re Tipple*, 80 B.R. 93 (Bkrtcy.N.D.Ohio 1987).

According to Federal Rule of Civil Procedure 56, Summary Judgment can only be properly granted when the Movant can show that there is no genuine issue of material fact and that the Movant is entitled to Judgment as a matter of law. Yet, the Movant must be able to prove all the elements of the cause of action in order to succeed in his case. *Id.* at 95. Furthermore, a Motion for Summary Judgment must be construed in a light most favorable to the opposing party. *In re Chech*, 96 B.R. 781, 783 (Bkrtcy.N.D.Ohio 1988).

Prior to making a decision on the Motion for Partial Summary Judgment, the Court must first decide if the Plaintiff has met its burden of proof in determining this debt to be nondischargeable. The Plaintiff in this case has alleged that the Defendants made a fraudulent representation in the Affidavit signed as part of the closing of the sale of the Property. This Affidavit, provided to the Court as "Exhibit B", indicates that there were to be no encumbrances or liens on the title to the Property at the time Hile bought the real estate. The Affidavit also fails to divulge to Hile the fact that there existed a Judgment against the Lewises and that a Certificate of Judgment had been filed by Kossel against the Lewises. In this case, the Court, as well as Counsel for the Plaintiff, have relied extensively on the existence of this Affidavit as evidence of a fraudulent representation by the Lewises.

The first element of a successful claim under 11 U.S.C. § 523(a)(2)(A) to be considered is representation. The evidence provided unequivocally shows that the Lewises made a false representation to Hile in a sworn and signed Affidavit dated May 10, 1991. The particular Affidavit under consideration stated that the Defendant's title to the Property had no encumbrances or liens on the title in an attempt to persuade the Plaintiff to purchase the Property. At the time of signing the affidavit, the Lewises had knowledge of the Judgment filed against them by Kossel as evidenced by the certified copy of the Return of Service dated January 27, 1990. The fact that the Defendants made a number of payments to Kossel on the Judgment after it was rendered only strengthens the fact that the Lewises knew of their indebtedness to Kossel. Although the Defendants were fully aware of the Judgment against them, they failed to indicate in the Affidavit that such a Judgment against them existed. Thus, the Defendant's false representation is established.

While the Defendants attempt to use ignorance as a defense to their failure to be aware of the difference between a Judgment and a Certificate of Judgment, such an argument is not valid. If they did not understand the significance of a Judgment against them and what might happen if they failed to make full payments on the Judgment, the Defendants should have

asked their attorney to explain it to them. Ignorance cannot be used as an excuse. In addition, the Lewises claim that they had no knowledge of the Certificate of Judgment and did not know that a Certificate of Judgment constituted a lien on the real estate that they sold to Hile. According to Ohio Revised Code Section 2329.02, "any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of court of common pleas of such county a certificate of such judgment ..." The Certificate of Judgment against the Defendants was filed for public record in the Allen County Courthouse in the office of the Clerk of Courts. Such records were available for viewing by any member of the public, including the two parties in this case. The Defendants claim that because they were not served with any notice of the Certificate of Judgment being filed they should not be held liable for having no knowledge of the Certificate of Judgment. Such a defense is not valid. There is no requirement by law that notice of the Certificate of Judgment be served upon the parties involved. The Lewises as well as Hile could have checked the public records as both sides had equal access to such files. The fact of the matter is that the Defendants knew that there was a Judgment against them, but they chose not to disclose any information regarding the Judgment either in the Affidavit or in the course of the sale of the Property.

The Defendant's intent to deceive. the Plaintiff can be inferred from the totality of the circumstances. *In re McDowell*, 145 B.R. at 980. The certified copy of the Return of Service proves that the Defendants knew about the Judgment against them. The fact that several payments were made on the Judgment to Kossel only strengthen the fact that the Lewises knew about the Judgment against them. Even if the false representation was made in reckless disregard of the truth, the fact of the matter is that the Lewises failed to admit to Hile through the course of the sale of the Property that Kossel had a Judgment against them. The Affidavit is clear proof of the false representation made to Hile as it stated that there were no encumbrances on the title to the particular piece of property in question. The Defendants swore to and signed the Affidavit in their successful attempt to convince the Plaintiff to purchase the Property. In and of itself, the Affidavit is clear proof of an intent to deceive the Plaintiff as to the state of title to the land. From the false representation of the Defendants, Hile inferred that the property she was being sold was free of any lien whatsoever. However, the fact of the matter is that the Lewises failed to admit in the Affidavit the existence of a Judgment against them.

It has been determined that Hile relied on the Affidavit made in the course of the closing of the sale of the Property involved. Hile relied on the contents of the Affidavit when deciding to purchase the Property, assuming in accordance with statements signed and sworn to by the Lewises that there were no encumbrances or liens on the title to the Property. By examining the evidence, it has been determined that the Plaintiff's loss sustained was a proximate result of the representations made by the Lewises. As a result of the Lewises filing bankruptcy, the Order of Sale of the Property and the Certificate of Judgment, the Plaintiff has had to pay Kossel Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) to satisfy Kossel's Judgment against the Lewises and prevent foreclosure of the Property. Hile has been damaged by being forced to pay this amount owed by the Defendants to Kossel as a result of Hile's reliance on a representation made by the Lewises in the Affidavit. As such, the loss incurred by Hile was a proximate result of the representations made in the Affidavit. Thereby, it has been established that the five (5) necessary elements to prove a debt nondischargeable have been established in this case.

The other issue brought up in this case is the Defendant's false representation in the Affidavit that no assessable public improvements would be made to the Property

after the Lewises had received a notice by certified mail from the Allen Water District. This notice revealed that water lines would be installed in the area and that the Property would be assessed for a certain portion of the improvements. That particular issue is a separate issue and not under consideration at this particular moment.

The focus of the Plaintiff's Motion for Partial Summary Judgment currently is the Lewises' false representation regarding encumbrances on the land. In deciding the partial Summary Judgment issue, it must be decided if there are any genuine issues of material fact. Rule 56 of the Federal Rules of Civil Procedure sets forth that it is the burden of the Movant to establish that no genuine issue of material fact exists. In this particular case, Hile has met its burden of proof. It has been clearly demonstrated that the Defendants made a false representation to the Plaintiff on the Affidavit when they indicated there were no encumbrances on the title to the Property; that the Defendants intended to deceive the Plaintiff; that the Plaintiff relied on Defendants' representations in purchasing the Property; and that the Plaintiff's loss was a proximate result of the misrepresentations made by the Defendants. The fact of the matter is that the Lewises knew of the existence of the Judgment against them by Kossel. The Defendants cannot claim ignorance as a defense as there is no requirement that they be given notice of the filing of a Certificate of Judgment against them. It has been established that the Lewises had knowledge of the Judgment against them but chose not to admit its existence in the Affidavit. A Judgment becomes a lien from the very moment that the Certificate of Judgment is delivered and filed with the clerk of court. All of the five (5) required elements under 11 U.S.C. § 523(a)(2)(A) have been met, and there are no genuine issues as to any material facts. As such, Hile is entitled to judgment as a matter of law.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically related to in this opinion.

Accordingly, it is

**ORDERED** that the Defendant's debt to Plaintiff in the amount of Twelve Thousand Five Hundred and 00/100 ($12,500.00) be, and is hereby **NONDISCHARGEABLE.**

It is further **ORDERED** that Defendant's Motion for Summary Judgment be, and is hereby **DENIED.**

It is further **ORDERED** that a Pre-trial be, and is hereby set for Monday, August 23, 1993, at 10:00 A.M. to allow the Court to consider the other claim for relief set forth by the Plaintiff.