**In re Ralph J. REEB, Debtor.**

**MARCO PLUMBING & HEATING CO., INC., Plaintiff,**

v.

**Ralph J. REEB, Defendant.**

**Bankruptcy No. 96–58791.**

**Adversary No. 96–0571.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Sept. 22, 1997.

Daniel F. Ryan, Campbell, Hornbeck, Chilcoat & Veatch, Lee C. Mittman, Lee C. Mittman and Associates, Columbus, OH, for Defendant/Debtor.

Jack E. McCormick, Columbus, OH, for Plaintiff.

### *OPINION AND ORDER ON PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY*

BARBARA J. SELLERS, Bankruptcy Judge.

This matter came before the Court for trial July 24, 1997, on plaintiff Marco Plumbing and Heating Co., Inc.'s complaint seeking a determination that the debt owed to it by

defendant Ralph J. Reeb is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the General Order of Reference entered in this District. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(I).

For the reasons stated on the record at the conclusion of the trial, the Court found that the defendant was entitled to judgment on the plaintiff's nondischargeability claim except insofar as the claim related to the plaintiff's alleged status as a third party beneficiary to a contract between the debtor's company (Plumbing and Piping Contractors, Inc.) and Bogner Construction, Inc. The Court took the third party beneficiary question under advisement and requested the parties to submit post-trial briefs. The briefs addressed whether the plaintiff was indeed a third party beneficiary and, if so, whether the plaintiff may enforce a tort (dischargeability) claim that belongs to one of the contracting parties.

The debtor's company entered into a contract with Bogner Construction, Inc. to furnish and install all heating, ventilation and air conditioning work for a police/court facility in Delaware, Ohio.[1] On various dates, the debtor executed affidavits and waiver of liens in which he averred that "all labor and/or material and services committed for have been fully paid and indebtedness discharged to the date of this affidavit." These affidavits were incorrect in that the plaintiff, which had its own subcontract with the defendant's company, had not been fully paid for the goods and services it provided for the police/court facility project.

The plaintiff contends that the defendant's execution of the affidavits constituted false representations made to Bogner Construction, Inc. for which the defendant obtained money. The plaintiff theorizes that as a third-party beneficiary to the contract between the debtor's company and Bogner Construction, Inc. it may stand in Bogner's shoes to assert a nondischargeability claim under 11 U.S.C. § 523(a)(2)(A).[2]

The Ohio Supreme Court has adopted Section 302 of the Restatement of the Law 2d, Contracts (1981) regarding third party beneficiaries. *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40, 521 N.E.2d 780, 784 (1988). Section 302 states in relevant part that

> Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties *and* ... the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(emphasis added). Comment e to Section 302 recognizes that "[p]erformance of a contract will often benefit a third person. But unless the third person is an intended beneficiary as here defined, no duty to him is created."

*Hill* applied the "intent to benefit" test announced by the Sixth Circuit in *Norfolk & Western Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir.1980). 36 Ohio St.3d at 40, 521 N.E.2d at 784–85. Under that test, if the promisee has no intent to benefit a third party, then the latter is merely an incidental beneficiary with no enforceable rights under the contract. *Id.*

The plaintiff argues that the contract between Bogner Construction and the debtor's company required the debtor to submit evidence that all materialmen and subcontractors had been paid before the debtor's company could receive any payments from Bogner. According to the plaintiff, this requirement manifests the parties' intent to benefit such subcontractors, including the plaintiff. The plaintiff also contends that Exhibit 6, the February 9, 1993 check from Bogner Construction to both the plaintiff and the defendant's company, further evidences the necessary intent to benefit, es-

---

1. This contract was not among the exhibits admitted into evidence at trial, but was attached to the plaintiff's pretrial statement filed on February 7, 1997.

2. Bogner filed its own dischargeability complaint against the debtor on February 24, 1997.

pecially when considered in conjunction with the defendant's testimony concerning his earlier discussions with Bogner about such joint payee checks.

■ The Court has examined the language of the contract and the affidavits and lien waivers executed by the defendant and can discern no intent by the contracting parties to benefit other subcontractors such as the plaintiff. Any requirement for the debtor's company to pay its own subcontractors before receiving payments under the contract appears to be for the benefit and protection of Bogner Construction.

The Court also does not believe that the joint payee check supports the plaintiff's position because it was issued long after Bogner and the debtor's company entered into their contract. In fact, the debtor's testimony that Bogner to that point had refused to issue any such checks reflects, if anything, a contrary intent.

■ Based on the foregoing, the Court concludes that the plaintiff was an incidental beneficiary with no enforceable rights under the contract. Nevertheless, the Court will consider whether as a third party beneficiary the plaintiff could have enforced a fraud/dischargeability claim belonging to Bogner Construction, one of the parties to the contract. In considering this question, the Court found the intermediate Ohio appellate decision in *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 616 N.E.2d 519 (1992) to be quite helpful.

In *Lin*, the purchasers of a residence brought an action against the builder-vendor and certain subcontractors, including Airtron, Inc. Count five of the complaint alleged a breach of contract claim against Airtron based on the purchasers' standing as third party beneficiaries. Count seven stated a claim against Airtron for fraud.

The Cuyahoga County Court of Appeals held that the common pleas court in the context of a motion for judgment on the pleadings could not properly have determined whether the purchasers were third party beneficiaries or incidental beneficiaries. Therefore, it reversed the judgment on this count in favor of Airtron. *Id.* at 100, 616 N.E.2d at 522. As for the fraud claim, how-

ever, the court held that any false representations by Airtron were made to the builder-vendor only. *Id.* at 103, 616 N.E.2d at 524. The court determined that the owners' failure to allege any false representations by Airtron to them to induce their reliance or the existence of any justifiable reliance by the owners precluded their claim against Airtron for fraud. *Id.*

The Court is left with the definite impression from *Lin* that Ohio would not recognize a fraud claim by the plaintiff against the defendant under a third party beneficiary theory. Otherwise, there would have been no reason for the court of appeals to remand the breach of contract claim for trial while affirming the dismissal of the fraud claim. As in *Lin*, the plaintiff has failed to allege that the defendant or his company made the false representations to the plaintiff or that it justifiably relied on the defendant's misrepresentations. Without these elements, the plaintiff cannot establish a claim for fraud against the defendant.

While *Lin* was not a dischargeability case, its applicability to the situation in this case is apparent. In addition to *Lin*, however, the Court is persuaded by the decision rendered in *P.H.H.U.S. Mortgage Corp. v. McDowell (In re McDowell)*, 145 B.R. 977 (Bankr. W.D.Mo.1992).

In *McDowell*, the purchasers of a residence along with an unpaid materialman brought a dischargeability action against the debtors, who were the vendors of the real property. The debtors had executed an affidavit at the closing which falsely stated that there were no liens or unfiled claims of any kind against the property. The materialman was owed $27,000 for building materials used in the construction of the residence and sought to bar the discharge of its claim as a third party beneficiary to the purchase contract.

The bankruptcy court found no evidence that the parties to the real estate contract intended to benefit the materialman. *Id.* at 980. The bankruptcy court also found the materialman's relationship to the transaction too remote to support a finding that the debtors intended to deceive the materialman

by their false statement. *Id.* This remoteness similarly made it impossible, in the court's view, for the materialman to have relied on the false statement. *Id.* Therefore, the court concluded that the materialman failed to satisfy the intent and reliance elements of his claim under § 523(a)(2)(A). *Id.* at 981.

While the Court believes that the plaintiff in this case is somewhat less remote to the transaction than the materialman was in *McDowell*, it nevertheless concludes that the plaintiff likewise has failed to satisfy the intent and reliance elements necessary to except a debt from discharge under § 523(a)(2)(A) on grounds of false pretenses, false representations, or actual fraud. Accordingly, judgment shall be entered in favor of the defendant on the plaintiff's nondischargeability complaint.

**IT IS SO ORDERED.**