In re Billy Joe **PATRICK**, Debtor.

**Bernard Lumber Co., et al., Plaintiffs,**

v.

**Billy Joe Patrick, Defendant.**

No. 99–3213.

United States Bankruptcy Court, N.D. Ohio.

May 29, 2001.

C. Drew Griffith, Toledo, OH, K. Alex Thornton, Willard, OH, for plaintiffs.

H. Buswell Roberts, Jr., Toledo, OH, for defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Defendant/Debtor's Motion for Summary Judgment, Memorandum in Support, and Reply; and the Plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary Judgment. This Court has now had the opportunity to review the arguments of Counsel, the exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Defendant's Motion for Summary Judgment should be Granted in Part and Denied in Part.

### FACTS

The Defendant, Billy J. Patrick (hereinafter referred to as the "Defendant"), is an independent contractor involved in the construction of new homes and in the remodeling of existing homes. The Plaintiffs, Bernard Lumber Co., Inc. and B & W Pallet and Lumber Co., Inc. (hereinaf-

ter referred to collectively as the "Plaintiffs"), are in the business of selling building materials. Richard Bernard, is the President of both Bernard Lumber Company and B & W Pallet and Lumber, having held that position with the former for 15 years and the latter for five years.

The events which precipitated the instant adversary proceeding began when the Defendant started to purchase building materials on credit from the Plaintiffs for various construction projects. In this regard, the facts presented in this case show that it was initially the Plaintiffs' practice to apply the Defendant's payments to his oldest account. This practice, however, changed four to five years ago when the Plaintiffs began applying specific payments to the particular project for which supplies had been ordered.

For several years, the Defendant operated his business successfully. However, around 1997 the Defendant began experiencing financial difficulties with his business and, as a result, his accounts with the Plaintiffs became past due. At this time, the facts presented in this case show that the Defendant was engaged in at least three contracted construction projects for which the Plaintiffs were supplying building materials: (1) Kamman (contracted on August 6, 1997); (2) Stephens (contracted on August 20, 1997); and, (3) Allen (contracted on January 31, 1998). All three of these construction contracts provided for disbursements at various stages of construction—e.g., upon completion of the roof.

With regards to the Allen project, Farmers Bank of Loudonville, was the financing institution. As a prerequisite to obtaining the necessary funds for construction, the Defendant was required by the Bank to submit an Affidavit of Original Contractor; this Affidavit contained a list of all unpaid suppliers and/or laborers on a particular project for which the Bank was providing funding. In accordance with this requirement, the Defendant, at various stages of construction, submitted affidavits to the Bank. In these affidavits, the Defendant stated that no entity, whether subcontractor or supplier, was owed any money on the project. Such statements, however, were made despite the fact that the Defendant clearly knew that he owed money to the Plaintiffs.

In early 1998, Mr. Bernard met with the Defendant regarding his past due accounts. At that time, the Defendant made certain assurances to Mr. Bernard that he would pay his accounts when he received his disbursements for the construction contracts he was working on. After this meeting, the Plaintiffs continued to extend the Defendant credit. This financing arrangement, however, eventually came to an end when, around April of 1998, the Defendant issued five checks to the Plaintiffs, totaling approximately Twenty Thousand dollars ($20,000.00), which were later returned marked "insufficient funds."

On June 29, 1999, the Defendant, after being sued by the Plaintiffs for One Hundred Twenty-nine Thousand Five Hundred Twenty-four and $^{97}/_{100}$ dollars ($129,524.97), petitioned this Court for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, the Plaintiffs timely commenced the instant adversary proceeding to have the Defendant's obligation to them held nondischargeable under §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(6) of the Bankruptcy Code. In response, the Defendant filed the instant Motion for Summary Judgment.

## *LAW*

### Section 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

does not discharge an individual debtor from any debt—

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>> (B) use of a statement in writing—
>>> (i) that is materially false;
>>> (ii) respecting the debtor's or an insider's financial condition;
>>> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>>> (iv) that the debtor caused to be made or published with intent to deceive; or
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

## DISCUSSION

Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding. Thus, this matter is a core proceeding.

This case comes before the Court upon the Defendant's Motion for Summary Judgment. The standard for summary judgment is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). With regards to this standard, and in cases such as this where the moving party does not have the burden of proof on the issue that is the subject of the summary judgment motion, the movant bears the initial burden of coming forward with sufficient evidence to demonstrate that there is no material issue of fact that would preclude summary judgment. *Vivid Technologies, Inc. v. American Science & Engineering, Inc.,* 200 F.3d 795, 806 (Fed.Cir.1999). Thereafter, if the movant meets this initial burden, the burden then shifts to the party opposing the motion who must "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 1694, 123 L.Ed.2d 317 (1993). In making this determination, a Court is only to consider those materials which would otherwise be admissible at trial, including the parties' pleadings, affidavits, and motions. *Lockhart v. Hoenstine,* 411 F.2d 455 (3rd Cir.1969), *certiorari denied* 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244; *In re Hanna,* 163 B.R. 918 (Bankr.E.D.N.Y. 1994). Once such admissible materials are considered, all inferences drawn from the underlying facts must be viewed in a light most favorable to the non-moving party. *Matsushita v. Zenith Radio Corp.,* 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In the present adversary proceeding, the Plaintiffs rely on three statutory grounds to have their debt from the Defendant held nondischargeable: 11 U.S.C. § 523(a)(2)(A), 11 U.S.C. § 523(a)(2)(B) and 11 U.S.C. § 523(a)(6). Of these three statutory grounds, the Plaintiffs' Complaint rest primarily on the exception to discharge contained in § 523(a)(2)(A). Accordingly, the Court begins its analysis with this statutory section.

786

To except a debt from discharge under 11 U.S.C. § 523(a)(2)(A), a creditor must establish the existence of five elements: (1) the debtor made false representations; (2) the debtor knew such representations to be false at the time they were made; (3) the representations were made with the intent to deceive the creditor; (4) the creditor relied on the representations; and (5) the creditor's loss was the proximate result of the misrepresentation having been made. *In re Mayerson (Colonial Pacific Leasing v. Mayerson)*, 254 B.R. 407, 410 (Bankr.N.D.Ohio 2000). With respect to each of these elements, the plaintiff/creditor bears the burden to establish them by a preponderance of the evidence. *Rembert v. AT & T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280–81 (6th Cir.1998). In addition, for purposes of the fourth element of the above test, the Supreme Court of the United States has held that the creditor's reliance must be justifiable as opposed to reasonable. *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

In support of their compliance with the above elements, the Plaintiffs claim that in view of the totality of the circumstances surrounding this case, the Defendant's Motion for Summary Judgment should be denied. In making this assertion, the Plaintiff posited to the Court the following:

> Plaintiff argues that the following facts, when viewed together, require that debtor's motion for summary judgment be dismissed. First, the debtor's statements to plaintiff that he would take care of the debt as plaintiff continued to extend credit to debtor. Second due to plaintiff's belief in debtor's honesty, plaintiff relied on debtor's statements in extending more credit to plaintiff [sic]. Third, debtor stated that he would time his payments on account with upcoming anticipated disbursements from the banks involved in the construction loans.

It is reasonable to assume that the banks would require affidavits from the debtor before making disbursements as required by law or bank policy. In securing at least four disbursements, debtor submitted false and misleading written affidavits to the bank.

(Plaintiff's Motion in Opposition to the Defendant's Motion for Summary Judgment, at pg. 5).

With respect to these arguments, the Court initially notes that the Plaintiffs may not, in support of their case, rely directly on the falsity of the lien waivers made to the various banks. The reason for this is that with regards to the lien waivers signed by the Defendant, the Plaintiff—being only an incidental as opposed to an intended beneficiary of the Defendant's representation—was owed no duty by the Defendant. *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 100–01, 616 N.E.2d 519, 521–22 (1992); *Marco Plumbing and Heating Co., Inc. v. Reeb (In re Reeb)*, 214 B.R. 319 321–22 (Bankr. S.D.Ohio 1997). As such, the Plaintiff cannot be said to have justifiably relied on the Defendant's false representations to the Bank. *See Id.*

This holding, however, does not mean that the Defendant's execution of numerous false lien waivers is altogether irrelevant in this case. To the contrary, in determining whether fraudulent conduct exists under § 523(a)(2)(A), a court is to consider all relevant and properly admissible evidence which could possibly lead to an inference of fraud. *Fowler Bros. v. Young*, 91 F.3d 1367, 1375 (10th Cir.1996) (internal quotations and citations omitted). In undertaking such an examination, a bankruptcy court, in addition to considering the debtor's conduct at the time of the alleged misrepresentations, may consider subsequent conduct as long as the debtor's

subsequent conduct provides an indication of the debtor's state of mind at the time of the actionable representations. *Groetken v. Davis (In re Davis),* 246 B.R. 646, 652 (10th Cir. BAP 2000).

■ In accordance with this standard, the Court, after giving the matter much consideration, finds that a plausible inference of fraud has been raised in this case. In coming to this conclusion, two considerations are prominent: First, the Defendant gave his assurance of future payments at a time when he was experiencing financing difficulties. *See Chemical Bank v. Sigrist (In re Sigrist),* 163 B.R. 940, 947 (Bankr.W.D.N.Y.1994) (under § 523(a)(2)(A), insolvency at the time the debtor incurs the debt may be relevant to the debtor's intent to repay the debt). Second, and also along this same line, at the time the Defendant was giving his assurance of future payments to the Plaintiffs, the Defendant was also executing patently false lien waivers, a fact which in this Court's eyes clearly raises questions as to the veracity of any statements made by the Defendant during this same period of time. In addition, with regards to the fourth element set forth in § 523(a)(2)(A), the Court notes that the Plaintiffs' reliance on the false statement made by the Defendant seems to be justified given the high level of trust that ostensibly existed between the Parties.

Notwithstanding, the Defendant argues that the above-stated considerations do not rise to the level to defeat his Motion for Summary Judgment. In this regard, the Defendant simply characterized his relationship with the Plaintiffs as "no more than an unfortunate instance of a credit relationship that was good for a time, that went bad." (Defendant's Memorandum in Support of Motion for Summary Judgment at pg. 4). However, while this statement may ultimately be proved to be true, state of mind issues, such as fraudulent intent under § 523(a)(2)(A), are generally not appropriate for resolution on summary judgment unless all the reasonable inferences that could be drawn from the evidence clearly defeat the plaintiff's claim. *Provenz v. Miller,* 102 F.3d 1478, 1489 (9th Cir.1996); *see also Kand Medical, Inc. v. Freund Medical Prods., Inc.,* 963 F.2d 125, 127 (6th Cir.1992) (generally summary judgment is considered inappropriate where the issue of intent is involved). Accordingly, given that this Court has already found that reasonable inferences of fraud do, in fact, exist in this case, the Plaintiffs will be given the opportunity to establish, at trial, their compliance with the elements set forth in § 523(a)(2)(A).

In addition to the Plaintiffs' cause of action under 11 U.S.C. § 523(a)(2)(A), the Plaintiffs also seek to have their debt against the Defendant held nondischargeable under Sections 523(a)(2)(B) and 523(a)(6) of the Bankruptcy Code. The Court, however, finds that, pursuant to the standard set forth in Bankruptcy Rule 7056, the Plaintiffs are precluded, as a matter of law, from maintaining their causes of action under these sections. The following briefly explains why.

One of the primary requirements to establish a prima facie case under § 523(a)(2)(B) is that the alleged false statement must be in writing. In this case, however, the only written statements which contained false representations were the written lien waivers executed by the Defendant, which, as previously explained, the Plaintiffs may not directly rely on to establish their case. As to the Plaintiffs' cause of action under § 523(a)(6)—which excepts from discharge a debt incurred by "willful" and "malicious" injury—the record of this case is simply devoid of any genuine evidence that would establish the requirements of this statute. In making

this decision, the Court wishes to note that nowhere in the Plaintiffs' Memorandum in Opposition to the Defendant's Motion for Summary Judgment, did the Plaintiffs attempt to argue that the requirements of § 523(a)(6) were met.

In conclusion, the Defendant's Motion for Summary Judgment is granted with respect to the Plaintiffs' causes of action under 11 U.S.C. § 523(a)(2)(B) and § 523(a)(6). However, with respect to the Plaintiffs' cause of action under § 523(a)(2)(A), the Court finds that, when looking at things in a light most favorable to the Plaintiff, a genuine issue of fact exists concerning whether the Defendant acted in a fraudulent manner. Therefore, the Defendant's Summary Judgment Motion will be Denied to that extent. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that with respect to the cause of action brought by the Plaintiffs, Bernard Lumber Co., Inc., and B & W Pallet and Lumber Co., Inc., under 11 U.S.C. § 523(a)(2)(A), the Motion for Summary Judgment submitted by the Defendant, Billy J. Patrick, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that with respect to the causes of action brought by the Plaintiffs under 11 U.S.C. § 523(a)(2)(B) and 11 U.S.C. § 523(a)(6), the Motion for Summary Judgment submitted by the Defendant, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that this matter be, and is hereby, set for a Trial on Tuesday, July 17, 2001, at 1:30 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

It is **FURTHER ORDERED** that on, or before Monday, July 9, 2001, the Parties exchange and file with the Court pre-trial memoranda, lists of witnesses, lists of exhibits, and stipulations.

It is **FURTHER ORDERED** that the failure to file any of the above items may result in the Trial being continued, witnesses or exhibits not being introduced into Trial, or sanctions being imposed by the Court.